**Charles J. MARTIN,
Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 83–1778.**

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs Nov. 7, 1984.

Decided March 5, 1985.

---

Charles J. Martin, pro se.

Joel Gerber, Acting Chief Counsel, I.R.S., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Michael L. Paup, Chief, Appellate Section, Gary R. Allen, Farley P. Katz, Washington, D.C., for respondent-appellee.

Before ENGEL and WELLFORD, Circuit Judges, and ROSENN, Senior Circuit Judge.*

WELLFORD, Circuit Judge.

This is an appeal from the Tax Court, where appellant, Charles J. Martin, challenged the Internal Revenue Service's finding of deficiencies for the tax years 1972 through 1975. The Tax Court sustained the deficiencies in an unpublished decision, and this appeal ensued. We affirm.

## I.

Appellant owned and operated a family farm during the years in question. During each of those years, appellant filed a Form 1040 on which he essentially provided no information regarding his income. Using the bank deposits and expenditures method of reconstruction, the Commissioner determined that appellant received over $160,000 in taxable income for the years in question. Appellant was therefore assessed over $49,000 in back taxes, over $12,000 for failure to file returns under I.R.C. § 6651(a)(1), and approximately $4300 in penalties under I.R.C. §§ 6653(a) and 6654(a).

Appellant petitioned the Tax Court to review the determination. In the Tax Court, appellant made numerous constitutional challenges to the treatment of his receipts as taxable income, but failed to make any allegations that the Commissioner's determinations were in error, assuming *arguendo* the revenues received were properly taxed as income. On December 14, 1982, appellant was notified by the Tax Court that his trial was scheduled for February 1983, and also was warned that he should contact the Commissioner in an ef-

* Honorable Max Rosenn, Senior U.S. Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

fort to come to an agreement regarding uncontested facts. This appellant failed to do, even though he was sent a proposed stipulation by the Commissioner.

At the hearing, instead of contesting the Commissioner's factual findings, appellant pursued his constitutional challenges. The Tax Court found these arguments to be "frivolous, wholly without merit," and warranted "no further discussion." Because appellant failed to address the Commissioner's findings, the Tax Court found him in default, and entered judgment in favor of the Commissioner.

## II.

On appeal, appellant essentially presses two constitutional arguments. His first argument, in a nutshell, is that he is not a taxpayer within the meaning of the tax laws. For this reason appellant claims he does not fall within the jurisdiction of either the Internal Revenue Service or the Tax Court; and because he challenged this jurisdiction below he was denied due process by the Tax Court in rendering judgment against him. Appellant attempts to argue that the Supreme Court, through its holdings in *Pollock v. Farmers' Loan & Trust Co.*, 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), and *Brushaber v. Union Pacific R.R. Co.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), held that an income tax is really an excise tax, which can only be assessed against those either licensed or incorporated. Since he is neither, appellant argues that he cannot be taxed, and thus is not a taxpayer.

■ This argument is baseless. In *Brushaber*, the Court found the 1913 income tax law to be constitutional. The Court also noted that in *Pollock* it had previously found the taxing of income from professions, trades, employments or vocations to be constitutional in the form of an excise tax. In light of the sixteenth amendment, however, all taxation of income, "from whatever source derived," was found to be constitutional in *Brushaber*. A multitude of cases following *Brushaber* have held that the type of revenues and receipts earned by appellant, a substantial farmer, constitute taxable income under the Internal Revenue Code. *See generally Lively v. Commissioner*, 705 F.2d 1017 (8th Cir.1983); *Pledger v. Commissioner*, 641 F.2d 287 (5th Cir.), cert. denied, 454 U.S. 964, 102 S.Ct. 504, 70 L.Ed.2d 379 (1981); *Acker v. Commissioner*, 258 F.2d 568 (6th Cir.1958), aff'd, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959); *Rowlee v. Commissioner*, 80 T.C. 1111, 1119 (1983). Appellant's earnings, which are unchallenged here, constitute gross income under the applicable sections of the Internal Revenue Code. Appellant is therefore liable for income taxes, determined to be due, and falls within the proper "jurisdiction" of the Tax Court upon his challenge to the action of the Internal Revenue Service.

■ Appellant next argues that the Tax Court denied him his seventh amendment right to trial by jury. This argument has repeatedly been rejected by the courts. The seventh amendment guarantees the right to a trial by jury only as it existed at common law. Because no cause of action existed at common law against the sovereign with respect to assessment of taxes, no right to a jury trial exists here. The seventh amendment does not preserve such a right in cases brought by the taxpayer against the government in the Tax Court. *Blackburn v. Commissioner*, 681 F.2d 461 (6th Cir.1982). Appellant's argument to the contrary is meritless.

## III.

Rule 38 of the Federal Rules of Appellate Procedure provides:

> If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

Section 7482(c)(4) of the Internal Revenue Code states:

> The United States Court of Appeals and the Supreme Court shall have power to impose damages in any case where the decision of the Tax Court is affirmed and it appears that the notice of appeal was filed merely for delay.

*See also* 28 U.S.C. § 1912 (court of appeals has discretion to award just damages and

double costs). This court recently awarded double costs in a tax protestor case. *Beer v. Commissioner,* 733 F.2d 435 (6th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 185, 83 L.Ed.2d 119 (1984). *See also Ueckert v. Commissioner,* 721 F.2d 248 (8th Cir.1983); *Knighten v. Commissioner,* 702 F.2d 59 (5th Cir.), *reh'g denied,* 705 F.2d 777, *cert. denied,* —— U.S. ——, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983).

▮ This court therefore has ample authority to assess not only double costs against appellant, but also "just damages" incurred by the government in respect to this essentially frivolous appeal. In future such cases this court will not hesitate to award damages when the appeal is frivolous, or taken merely for purposes of delay, involving an issue or issues already "clearly resolved." *See Ueckert,* 721 F.2d at 251; *Lonsdale v. Commissioner,* 661 F.2d 71 (5th Cir.1981).

See also, 6th Cir., 712 F.2d 1091.

### IV.

▮ For the foregoing reasons we AF-FIRM the decision of the Tax Court and assess double costs against appellant by reason of his frivolous appeal, apparently pursued for purposes of delay.