**William SCHOFFNER, Plaintiff-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.**

Nos. 85–3900, 85–3915.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 20, 1987.

Decided Feb. 26, 1987.

William F. Schoffner, Fredericktown, Ohio, pro se.

Michael L. Paup, Lead Counsel, Glen L. Archer, Jr., Tax Div., U.S. Dept. of Justice, Washington, D.C., Roger M. Olsen, William S. Estabrook, Kathryn E. Rooklidge, for defendant-appellee.

Before ENGEL and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.

PER CURIAM.

The plaintiff appeals *pro se* from the district court's judgment dismissing these two tax cases. These appeals have been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

The plaintiff filed tax returns for 1980, 1981, and 1982 which listed his name and address and then listed either an asterisk or the word "none" in every other space on the forms. The forms also stated that these specific objections were being lodged to protect the plaintiff's fifth amendment rights. The Commissioner assessed a $500 penalty for each return under 26 U.S.C. § 6702. After the plaintiff paid fifteen percent of each penalty, he obtained review in the district court.

Both complaints raise the same four issues: that his returns were not frivolous, that an assessment without a hearing was a violation of due process, that the Tax Equity and Fiscal Responsibility Act (TEFRA) was unconstitutional, and that the term "frivolous" in 26 U.S.C. § 6702 was vague. The district court held that each issue was without merit. We agree with the conclusion of the district court.

The first three issues raised by the plaintiff were decided against him in a 1984 decision of this Court. *Heitman v. United States,* 753 F.2d 33, 34 (6th Cir.1984) (per curiam). The fourth issue was decided against the plaintiff in *Nelson v. United States,* 796 F.2d 164, 167 (6th Cir.1986). So all of the plaintiff's issues are clearly without merit.

In his brief, the Commissioner requests an award of damages under Rule 38 of the

Federal Rules of Appellate Procedure. That rule provides:

> If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

This Court has given notice that such damages would be assessed in appropriate tax cases. *Martin v. Commissioner,* 753 F.2d 1358, 1361 (6th Cir.1985); *accord, Martin v. Commissioner,* 756 F.2d 38, 41 (6th Cir.1985). We find the arguments in these appeals clearly frivolous and that these are appropriate cases for the invocation of Rule 38.

The Advisory Committee Notes to Rule 38 state that "courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay." The Commissioner has suggested the figure of $1,200 as an appropriate award, stating that this is approximately the average award in such cases for a recent two-year period.

■ In awarding damages under Rule 38, we do not believe a uniform national figure is appropriate, but we do not believe that a detailed accounting is necessary either. Such a detailed accounting would largely defeat the intent of the rule, which is to reduce, rather than increase, the flow of essentially unproductive paperwork. These appeals clearly did cause the government to incur attorney's fees, costs and expenses. Based on our reading of the record and consideration of the appropriate labor involved in the briefs filed by the government, we find the figure of $1,200 to be reasonable and adopt it as the measure of damages to be awarded in these cases under Rule 38, F.R.A.P.

■ Accordingly, the judgment of the district court is AFFIRMED under Rule 9(b)(5), Rules of the Sixth Circuit, and damages are hereby assessed against plaintiff in the amount of $1,200 under Rule 38, Federal Rules of Appellate Procedure.