816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
A. Joseph and Connie G. KRAMER, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 86-1413.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1987.
 
 1
 Before JONES and NORRIS, Circuit Judges, and COOK, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 3
 The pro se petitioners appeal an order of the United States Tax Court which sustained the determination of the Commissioner of the Internal Revenue Service's that there were deficiencies in the petitioners' federal income taxes for the years 1980 and 1981. The Internal Revenue Service imposed additional costs and damages to the tax deficiencies pursuant to Internal Revenue Code sections 6653(a) (1), 6653(a) (2) and 6673.
 
 
 4
 Petitioners essentially argue that the Tax Court erred in in sustaining the Internal Revenue Service's determination that their charitable deductions to the Cedar Creek Chapel of the Universal Life Church were not permissible. This determination was based on the premise that the church merely served as a conduit through which the petitioners and their son converted their personal expenses into tax deductible items.
 
 
 5
 The Tax Court did not abuse its discretion in affirming the determination of the Internal Revenue Service that, for the years 1980 and 1981, the petitioners had tax deficiencies. See 26 U.S.C. Sec. 170(a); Hall v. Commissioner, 729 F.2d 632 (9th Cir. 1986); Founding Church of Scientology v. United States, 412 F.2d 1197, 1200 (1969), cert. denied, 397 U.S. 1009 (1970).
 
 
 6
 The record also indicates that both the Internal Revenue Service and the Tax Court advised the petitioners that their argument of a legitimate charitable contribution is frivolous. Therefore, the Internal Revenue Service has requested that this Court impose monetary sanctions against petitioners in the amount of $1,500.00 for bringing a frivolous appeal. See Rule 38, Federal Rules of Appellate Procedure, and 28 U.S.C. Sec.l912. This Court has advocated the imposition of monetary sanctions in cases, such as this, where the appeal is frivolous, and pursued for purposes of delay. See Martin v. Commissioner, 756 F.2d 38, 41 (6th Cir. 1985). See also Perkins v. Commissioner, 746 F.2d 1187, 1188 (6th Cir. 1984).
 
 
 7
 For the foregoing reasons, it is ORDERED that the Tax Court's judgment be affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, and that pursuant to Rule 38, Federal Rules of Appellate Procedure, costs and attorney fees are hereby assessed against petitioners in the amount of $1,500.00
 
 
 
 *
 The Honorable Julian A. Cook, Jr. U.S. District Judge for the Eastern District of Michigan, sitting by designation