826 F.2d 1065
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, and Antoinette Ray, Revenue
Officer of the Internal Revenue Service,
Petitioners-Appellees,
v.
David H. RAAFLAUB, Respondent-Appellant.
 No. 86-1964
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1987.
 
 ORDER
 Before MERRITT, Circuit Judge, and EDWARDS and CONTIE, Senior Circuit Judges.
 
 
 1
 This pro se taxpayer appeals the district court's order enforcing the petitioner's tax collection summons. Upon examination of the record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 The respondent taxpayer did not file tax returns for 1982, 1983 and 1984. After respondent failed to reply to letter requests, the tax collection officer issued an administrative summons, pursuant to 26 U.S.C. Sec. 7602, ordering the respondent to appear and produce certain records to determine his income for the years in question. Despite several extensions to comply, respondent refused to appear or respond. The collection officer then filed the enforcement action herein. The taxpayer responded by filing four motions attacking the validity of the enforcement petition on the basis of the form of pleading and requesting an extension of time. At a show cause hearing, the court denied these motions as wholly frivolous. The court then granted the order enforcing the agency's summons.
 
 
 3
 On appeal respondent propounds the same arguments he raised before the district court. We agree that each argument is without merit. The styling of the proceeding as a petition is clearly appropriate. 26 U.S.C. Sec. 7604(b); United States v. Dick, 694 F.2d 1117, 1118 (8th Cir. 1982) (per curiam). An examination of the petition and accompanying affidavit shows that the agency otherwise complied completely with the requirements for enforcement actions as set forth in United States v. Powell, 379 U.S. 48, 57-58 (1964). See United States v. LaSalle National Bank, 437 U.S. 298, 308-317 (1978); United States v. Will, 671 F.2d 963, 968 (6th Cir. 1982). We conclude that respondent failed to make a sufficient showing to entitle him to further discovery or to an extension of time. Therefore, we agree that the district court correctly dismissed respondent's motions and ordered his compliance with the summons.
 
 
 4
 In its brief, the agency moves for damages pursuant to Fed. R. App. P. 38 because this appeal is frivolous. This court has given notice that damages would be assessed in appropriate tax cases which were frivolous or taken for the purpose of delay. Schoffner v. Commissioner, 812 F.2d 292, 294 (6th Cir. 1987) (per curiam); Martin v. Commissioner, 756 F.2d 38, 41 (6th Cir. 1985). Because the arguments in this case are clearly without merit, we find it appropriate for the assessment of damages. The government has suggested the figure of $1500.00 as a suitable award. We find this figure to be reasonable and adopt it as the measure of damages in this case.
 
 
 5
 Accordingly, the judgment of the district court is affirmed under Rule 9(b)(4), Rules of the Sixth Circuit. The government is awarded $1500.00 in damages.