843 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James D. FREED and Frances M. Freed, Plaintiffs-Appellants,
v.
Charles PARKS, District Director, Internal Revenue Service,
John E. Leitz, Chief Advisory Unit, Internal
Revenue Service, Defendants-Appellees.
 No. 87-1749.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1988.
 
 Before KEITH, BOYCE F. MARTIN Jr., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from the district court's dismissal of a suit for injunctive and other relief against two officials of the Internal Revenue Service. Our review of the record and relevant law leads us to agree with the district court's decision in this matter and to award damages to defendants under Rule 38, Fed.R.App.P.
 
 
 3
 Plaintiffs, husband and wife, are citizens of Michigan. They received a notice of tax deficiency from the Internal Revenue Service (Service) in 1980 and thereafter unsuccessfully contested the notice in Tax Court. The Service, later seeking satisfaction of the deficiency, filed a notice of federal tax lien pursuant to 26 U.S.C. Sec. 6323(f) against plaintiffs' property in 1985. This latter notice spawned the instant litigation.
 
 
 4
 Plaintiffs filed a complaint in district court seeking monetary damages from the named defendants and writs directing defendants to rescind the tax lien and refrain from placing any future liens on plaintiffs' property. The district court ultimately dismissed the complaint for failure to state a claim for relief. The court carefully considered plaintiffs' claims and issued a well-reasoned, clear opinion detailing the legal shortcomings of the complaint. This appeal followed.
 
 
 5
 On appeal the parties have submitted briefs, plaintiffs proceeding pro se. In their appellate brief plaintiffs raise 32 separate issues for review. None of the issues raised by plaintiffs specifically addresses the district court's findings. Instead, plaintiffs advance general "tax protester" arguments ranging from the irrelevant ("Does the Internal Revenue Service have integrity?") through the inspired (claiming an exemption found in Matthew 17:25 of the New English Bible) to the intransigent (questioning the validity of the ratification of the 16th Amendment while acknowledging this court's plain rejection of this contention in Sisk v. Commissioner, 791 F.2d 58, 61 (6th Cir.1986)). These arguments are meritless and do not convince us that the district court erred in dismissing the complaint.
 
 
 6
 Rule 38 of the Federal Rules of Appellate Procedure provides that a court of appeals may impose just damages and single or double costs against an appellant bringing a frivolous appeal. We have repeatedly emphasized our willingness to invoke Rule 38 against litigants pursuing patently meritless "tax protest" appeals. See, e.g., Shaffner v. Commissioner, 812 F.2d 292 (6th Cir.1987) (per curiam); Martin v. Commissioner, 756 F.2d 38, 40-41 (6th Cir.1985). We find the instant appeal to warrant a Rule 38 award for defendants. In Shaffner, 812 F.2d at 294, a panel of this court adopted a figure of $1,200 to be the appropriate measure of damages in cases of this kind.
 
 
 7
 It is therefore ORDERED that the district court's judgment of dismissal be affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, and damages are hereby assessed against plaintiffs in the amount of $1,200 under Rule 38, Fed.R.App.P.