946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leslie GRABLE (91-1152), and Marsha K. Blanchard (91-1153),
Defendants-Appellees.
 Nos. 91-1152, 91-1153.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1991.
 
 1
 Before BOYCE F. MARTIN, JR. and MILBURN, Circuit Judges and ROSEN, District Judge.*
 
 ORDER
 
 2
 Leslie Grable and Marsha K. Blanchard ("the defendants"), pro se taxpayers, appeal the district court's final judgment for the United States in an action brought by the United States to reduce to judgment certain outstanding tax assessments. The appeals have been consolidated and referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The United States filed a complaint in September 1988, seeking judgment on unpaid tax assessments for the tax years ending 1979, 1980, and 1981. The defendants, now divorced, were married and filed joint income tax returns during those years. After the defendants' answer, the United States filed an amended complaint by stipulation in February 1989, to which were attached copies of the defendants' tax returns for the years at issue and a 1984 Tax Court judgment finding a deficiency for the amounts due for 1979 and 1980. At the time of the amended complaint, the amount due and owing for the three years totalled $117,825.66, plus additions from December 16, 1988, as allowed by law. Shortly thereafter, the United States moved for summary judgment and the defendants responded with a memorandum in opposition. After the submission of a reply brief and a further response, the defendants on June 16, 1989, filed a motion to reopen discovery.
 
 
 4
 In an opinion and order filed July 5, 1989, the district court granted summary judgment as to the liability of Grable, but denied summary judgment as to the liability of Blanchard. The parties were granted 30 days in which to file supplemental briefs on the issue of whether Blanchard was an innocent spouse within the meaning of 26 U.S.C. § 6013(e). Grable's motion to set aside the order was denied by order of August 2, 1989. On August 7, 1989, the district court granted summary judgment against Blanchard for the 1981 tax year, but again denied summary judgment against her for the 1979 and 1980 tax years. A magistrate, who had conducted a hearing on the matter on August 7, 1989, finally issued an order denying the defendants' motion to reopen discovery on September 12, 1989.
 
 
 5
 Following the defendants' premature appeals to this court, the district court issued a consent order which provided that the unpaid balance due for the 1979 tax year against Blanchard be abated. A United States motion for reconsideration or for entry of judgment against the United States then stipulated that, if the district court found that res judicata did not apply to the Tax Court decision, then Blanchard qualified as an innocent spouse for the 1980 tax year. On November 20, 1990, the district court denied the United States' motion for reconsideration and entered final judgment for the United States and against Grable for all three years, for the United States and against Blanchard for the 1981 tax year, and for Blanchard and against the United States for the 1979 and 1980 tax years. These appeals followed.
 
 
 6
 On appeal, the defendants raise six grounds for relief: (1) the district court did not litigate the issues of whether the Tax Court decision had been assessed as required by 26 U.S.C. § 6215 and whether a notice of assessment and demand for payment were issued, (2) the district court did not exercise its discretion by not ruling on the defendants' Rule 56(f) motion to reopen discovery, (3) the district court improperly found that secondary evidence was sufficient to determine that material issues of fact were not in dispute, (4) the district court lacked subject matter jurisdiction, (5) the district court lacked jurisdiction under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402, and (6) jurisdiction may not be based upon 26 U.S.C. § 1. Although Grable and Blanchard are now proceeding pro se, due to their attorney's withdrawal, their brief was prepared by counsel. The United States has filed with this court a motion to impose sanctions against the defendants' prior counsel for raising frivolous arguments on appeal.
 
 
 7
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the United States is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 Issues 1 and 3 (as numbered above), which challenge the presumption of correctness accorded by the district court to the tax assessments prepared by the Internal Revenue Service, are meritless. Because the defendants provided no evidence to show that the certificates of tax assessment were procedurally deficient or inaccurate, the district court did not err in relying upon the certificates of assessment. See United States v. Walton, 909 F.2d 915, 919 (6th Cir.1990); United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 498 (1989).
 
 
 9
 Moreover, contrary to the defendants' belief, notice and demand for payment are not prerequisites to the bringing of a civil suit to reduce a tax assessment to judgment; they are only required before an administrative action to collect the tax due. See United States v. Berman, 825 F.2d 1053, 1060 (6th Cir.1987).
 
 
 10
 Issues 4 through 6 (as numbered above), which assert that the district court lacked jurisdiction over this action, are patently frivolous.
 
 
 11
 The sole nonfrivolous issue raised by the defendants on appeal challenges the district court's action in granting summary judgment while their motion to reopen discovery was pending. This court has held that summary judgment should not ordinarily be granted before discovery has been completed. Tarleton v. Meharry Medical College, 717 F.2d 1523, 1535 (6th Cir.1983). However, the district court, which has wide discretion over the scope of discovery, ordered that discovery in this case be completed by February 22, 1991. There is no absolute right to additional time for discovery. See Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989). Grable and Blanchard had ample time to respond to the United States' motion for summary judgment and, in fact, filed responses to both the motion and the government's reply brief over a month before they finally requested additional discovery on June 16, 1991. Moreover, the defendants' motion, in the absence of any articulated reason to believe that procedural irregularities existed, amounted to an impermissible "fishing expedition." See Emmons, 874 F.2d at 356-57. For these reasons, although the district court should have ruled on the motion to reopen discovery before granting summary judgment against Grable, its delay in ruling until the issue was mooted does not require vacation of the judgment and remand of this case.
 
 
 12
 Finally, although this court has exercised its authority to impose sanctions under Fed.R.Civ.P. 38 in frivolous tax appeals, see, e.g., Schoffner v. Commissioner, 812 F.2d 292, 294 (6th Cir.1987) (per curiam); Martin v. Commissioner, 756 F.2d 38, 41 (6th Cir.1985), we decline to do so in this case. Because the defendants' counsel did raise a nonfrivolous issue concerning their motion to reopen discovery, it cannot be said that this entire appeal was obviously without merit.
 
 
 13
 Accordingly, the district court's final judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The United States' motion to impose sanctions is denied.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation