963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert G. CAMPBELL; Kathryn L. Campbell, trustee of the
R.G. Campbell Family Preservation Trust,
Defendants-Appellants.
 No. 91-2207.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 Before RYAN, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan litigant, Robert G. Campbell, appeals from the judgment of the district court holding that Campbell's creation of an intervivos trust and the transfer of real property to the trust was a fraudulent conveyance made to protect the property from any claims by the Internal Revenue Service (IRS). Campbell waived oral argument. He has also moved for a transcript at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This action was originally brought by the United States to reduce to judgment federal tax assessments against Campbell and to foreclose federal tax liens against certain real property of Robert G. Campbell which was fraudulently conveyed by him to the "R.G. Campbell Family Preservation Trust" (Trust). The issue of the alleged fraudulent conveyance of real property went to trial without a jury. Based on the evidence presented, the district court concluded that the trust was created with the intent of placing the transferred real property beyond the reach of any creditor, including the IRS. In its opinion dated August 15, 1991, the district court ordered the transfer of the property to be set aside as it was a fraudulent transfer in violation of M.C.L. § 566.17. Campbell appeals from the judgment entered by the court on October 2, 1991, in which the district court set forth the procedure for the sale of the real estate.
 
 
 3
 On appeal, Campbell challenges the government's authority to order the judicial sale of his real estate to satisfy the non-payment of federal taxes on income. In support of his challenge, he argues that he owes no federal income tax because his labor does not produce income but instead produces "gross receipts" which are not taxable. He also claims that he is not a taxpayer within the meaning of the tax laws. Campbell's arguments are meritless. This court has repeatedly addressed and answered precisely these challenges. See Martin v. Commissioner, 756 F.2d 38, 40-41 (6th Cir.1985); Perkins v. Commissioner, 746 F.2d 1187, 1188-89 (6th Cir.1984) (per curiam).
 
 
 4
 Accordingly, the motion for a transcript at government expense is denied, and the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.