985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sara K. CHRISTIANS, Plaintiff-Appellant,
v.
Dorothy M. GREER, Warden; Stephen N. Norris, Commissioner;
L. Brooks Garland; Robert McGowan; J.W. Luna,
Commissioner; Irwin B. Venick,
Defendants-Appellees.
 No. 92-5767.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Sara K. Christians, a pro se Tennessee resident, appeals a district court judgment dismissing her civil rights action construed as filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Christians filed her complaint on May 24, 1991, alleging that she had been denied her right to due process of law under the Fourteenth Amendment when she was terminated from her employment at the Tennessee Women's Prison (TWP) effective November 23, 1986. She sued several employees at the TWP and a private attorney who represented her in various proceedings in connection with her employment termination. Christians complained of events up through June 23, 1988, at which time her appeal of the adverse determination was concluded at the level of the Commission for the Tennessee Department of Personnel. Christian's appeal in the Tennessee state courts was unsuccessful.
 
 
 3
 Christians then filed her action in the federal district court. In an order dated January 29, 1992, the district court indicated that it appeared Christians's action was barred by the one-year statute of limitations under Tennessee law. All the defendants were ultimately served with a copy of Christians's complaint, except Greer who no longer works for the Tennessee Department of Corrections and who could not be found. All the defendants who were served raised the statute of limitations as a defense. The district court dismissed Christians's action against all the defendants as barred by the applicable Tennessee statute of limitations.
 
 
 4
 On appeal, Christians makes vague allegations that the one-year statute of limitations does not bar her claim. She requests leave to proceed as a pauper, a free transcript and the appointment of counsel. Appellees Luna, McGowan, Garland, and Norris request that they be granted their costs and attorney fees if this court finds in their favor.
 
 
 5
 Upon review, we affirm the district court's judgment. Christians's action was filed well beyond the applicable one-year statute of limitations. See Tenn.Code.Ann. § 28-3-104. The last date mentioned in her complaint regarding any of the defendants' conduct is June 23, 1988. Christians did not file her § 1983 complaint until May 24, 1991. Her suit is time-barred, as it was not filed until nearly three years after her cause of action accrued.
 
 
 6
 The appellees' request for costs and attorney fees is granted, as Christians's lawsuit is frivolous, without merit and has been clearly resolved against her. See Dallo v. Immigration and Naturalization Serv., 765 F.2d 581, 589 (6th Cir.1985); Martin v. Commissioner of Internal Revenue, 756 F.2d 38, 41 (6th Cir.1985).
 
 
 7
 Accordingly, we deny Christians's request for pauper status and all other forms of relief. The judgment of the district court is hereby affirmed, and the appellees' request for costs and attorney fees is granted. Rule 9(b)(3), Rules of the Sixth Circuit. An itemized and verified bill for the costs and attorney fees may be filed with the Clerk of this Court, with proof of service, within fourteen days after the entry of this order.