991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theodore N. HILL, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 92-2235.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY and MILBURN, Circuit Judges, and Krupansky, Senior Circuit Judge.
 
 ORDER
 
 1
 Theodore N. Hill, pro se, appeals a district court order granting the defendant's motion to dismiss this tax protestor case. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 In his complaint, Hill alleged that he had been fined $500 under Internal Revenue Code § 6702 for filing a frivolous tax return, but that his 1040 return was "a good faith return with objections to certain question [sic] under the First and Fifth Amendment [sic] to the United States Constitution." The district court construed the action as one to recover a portion of a fine paid pursuant to 26 U.S.C. § 6702. Because Hill had not fully paid the penalty of $500, but had paid only $75 of the fine, the district court found that it lacked jurisdiction to consider the claim for a refund. Accordingly, the court granted the government's motion to dismiss.
 
 
 3
 On appeal, Hill states that his action in district court was not to recover his fine paid, because he had "waived recovery of the fine," before that court. Rather, he requests this court to "rule on the legality of the charges" brought against him under § 6702. Hill also requests leave to proceed in forma pauperis, on appeal.
 
 
 4
 A review of the record and of the plaintiff's brief reveals that Hill is not requesting the return of his partial fine paid, but asking the federal courts to rule on the constitutionality of the defendant's act of imposing a fine under § 6702. Thus, Hill is essentially seeking a declaratory judgment as to his rights under the Internal Revenue Code. The district court did not address this argument. However, this court concludes that the case may be dismissed on grounds other than that stated by the district court. Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 5
 It is well-established that the United States, as sovereign, is immune from suit unless it expressly has waived its immunity. United States v. Dalm, 494 U.S. 596, 608 (1990); Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115 (6th Cir.1988). Further, a waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. United States v. King, 395 U.S. 1, 4 (1969); Soriano v. United States, 352 U.S. 270, 276 (1957). The Declaratory Judgment Act, 28 U.S.C. § 2201, expressly exempts disputes "with respect to federal taxes." Flora v. United States, 362 U.S. 145, 164 (1960). This exemption acts to deprive district courts of jurisdiction in cases where § 2201 otherwise would apply, the only exception being those cases in which the suit is brought by a party other than the taxpayer whose taxes lie at the heart at the controversy. Bob Jones University v. Simon, 416 U.S. 725, 732-33 n. 7 (1974); Ecclesiastical Order of the Ism of Am, Inc. v. Internal Revenue Service, 725 F.2d 398, 400 (6th Cir.1984). See also Bullock v. Latham, 306 F.2d 45, 46 (2d Cir.1962). Because Hill is, essentially, requesting a declaratory judgment concerning his rights under § 6702, and the claim is with respect to the payment of his taxes, the court is without jurisdiction to hear the claim, on this ground.
 
 
 6
 Even considering the claim on the merits, Hill's arguments do not afford him relief. Hill's return for the taxable year 1990 is subject to the provisions 20 U.S.C. § 6702 because it was filed to show that he had no income and to claim a refund of taxes paid in that year. Sisemore v. United States, 797 F.2d 268, 270 (6th Cir.1986). Moreover, his assertion of a Fifth Amendment privilege on his blank return does not affect a prosecution for failure to file the return. Brennan v. Commissioner, 752 F.2d 187, 189 (6th Cir.1984) (per curiam). In order to invoke the privilege, one must demonstrate real dangers of incrimination, which certainly has not been done in this case. California v. Byers, 402 U.S. 424, 434 (1971); Brennan, 752 F.2d at 189.
 
 
 7
 This court has held that a return such as the one filed by Hill is "frivolous" under the meaning set forth in § 6702 and that an assessment of a fine under that statute, without a hearing, is not a violation of the taxpayer's due process rights. Schoffner v. Commissioner, 812 F.2d 292, 293-94 (6th Cir.1987) (per curiam). See also Bob Jones University, 416 U.S. at 746-48; Todd v. United States, 849 F.2d 365, 369 (9th Cir.1988); United States v. Heise, 709 F.2d 449, 451 (6th Cir.), cert. denied, 464 U.S. 918 (1983). Moreover, this frivolous appeal is an appropriate case for imposing sanctions under Fed.R.App. P. 38 and 28 U.S.C. § 1912. Schoffner, 812 F.2d at 294; Martin v. Commissioner, 756 F.2d 38, 40-41 (6th Cir.1985). See also Beer v. Commissioner, 733 F.2d 435 (6th Cir.), cert. denied, 469 U.S. 857 (1984) (per curiam); Tickel v. United States, No. 86-5165 (6th Cir. March 24, 1987) (unpublished order). Considering that this court awarded $1,200 in a case quite similar to this one, approximately six years ago, see Schoffner, supra, and the fact that the law has been "clearly settled" for quite some time in regard to the issues raised by the appellant, the government's suggested amount of $1,500 in damages is appropriate and reasonable, in this case.
 
 
 8
 Accordingly, Hill's motion to proceed in forma pauperis is hereby granted for the limited purpose of the deciding merits of this appeal, the district court's order dismissing the complaint is hereby affirmed, and damages in the amount of $1,500 is hereby assessed against Hill as a sanction for bringing a frivolous appeal, pursuant to Fed.R.App. P. 38 and 28 U.S.C. § 1912. Rule 9(b)(3), Rules of the Sixth Circuit.