991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theodore N. HILL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-2297.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1993.
 
 Before KENNEDY and MILBURN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Theodore N. Hill, proceeding without benefit of counsel, appeals from a decision of the United States Tax Court determining that he was deficient in the amount of $1,174.00 for the taxable year of 1988. Hill also moves to proceed in forma pauperis on appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hill failed to file an income tax return for the year of 1988. More specifically, he filed what purported to be a return in which he listed his name and address and then listed an asterisk on every line requesting information. He claimed that providing the information required by the tax return violated his constitutional rights.
 
 
 3
 Upon review, we find no error. Hill's arguments are meritless. There exists no blanket Fifth Amendment protection for a taxpayer filing a protest form, United States v. Lawson, 670 F.2d 923, 927 (10th Cir.1982), and putting an asterisk in spaces on forms to protect Fifth Amendment rights is frivolous. See Schoffner v. Commissioner, 812 F.2d 292, 294 (6th Cir.1987) (per curiam).
 
 
 4
 Accordingly, Hill's motion to proceed on appeal in forma pauperis is hereby granted, and the decision of the Tax Court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 5
 The government moves for sanctions in its brief on appeal. The Tax Court warned Hill that further litigation on these issues would lead to the imposition of sanctions. Therefore, the government is granted an award of $500.00 as sanctions for this frivolous appeal. See Schoffner, 812 F.2d at 294.