Gregory J. EVERETT, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 00–2159.

United States Court of Appeals,
Sixth Circuit.

May 18, 2001.

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

Before JONES, SILER, and GILMAN, Circuit Judges.

Pro se Michigan resident Gregory J. Everett appeals a district court judgment that dismissed a civil complaint in which he attempted to enjoin the United States from collecting back taxes. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Everett sued the United States, asserting tax-protestor claims that a notice of intent to levy served upon him by the Internal Revenue Service failed to charge him with being liable for a tax based on a statute. Essentially, he claimed that he was not a taxpayer and that the federal income tax was an unauthorized excise tax. The United States moved the district court to dismiss the suit: (1) for lack of jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), because the United States had not waived sovereign immunity; and (2) for failure to state a claim upon which relief may be granted, under Rule 12(b)(6).

The district court granted the United States's motion to dismiss, concluding that both asserted grounds for dismissal had merit.

In his timely appeal, Everett repeats his tax-protestor arguments. The United States moves the court to impose a lump-sum sanction against Everett for prosecuting a frivolous appeal. Both parties have filed briefs.

Whether the district court properly dismissed this suit pursuant to Fed.R.Civ.P. 12(b)(1) for want of jurisdiction is a question of law subject to de novo review. *See*

*Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990). To survive a Rule 12(b)(1) motion, the plaintiff must prove that jurisdiction exists. *See id.*

The district court properly concluded that it lacked jurisdiction. Although federal district courts lack jurisdiction over actions seeking injunctions against the collection of taxes, 26 U.S.C. § 7421(a), the statute has narrow exceptions. In *Enochs v. Williams Packing & Nav. Co.,* 370 U.S. 1, 6–7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court held that the statute is not applicable if the taxpayer was certain to succeed on the merits and could demonstrate that the collection would cause him irreparable harm. Although Everett has attempted to restrain the IRS from collecting taxes from his bank accounts, he makes no nonfrivolous argument that would remotely suggest that he is not liable for the deficiency, and he has provided no evidence that the collection would cause him irreparable harm.

The district court's dismissal under Fed. R.Civ.P. 12(b)(6) was also proper. This court reviews de novo a district court judgment dismissing a suit pursuant to Rule 12(b)(6). *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). The court construes the complaint in the light most favorable to the plaintiff, accepts the complaint's factual allegations as true, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Id.* The challenged complaint must contain either direct or inferential allegations concerning all material elements necessary to sustain a recovery under some viable legal theory. *See Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993).

Everett asserts no viable legal theories. His contentions that he is not a taxpayer and that income tax is an unauthorized excise tax are legally frivolous. *See Unit-*

ed States v. Mundt, 29 F.3d 233, 237 (6th Cir.1994); Martin v. Comm'r, 756 F.2d 38, 40–41 (6th Cir.1985) (concluding that the "not a taxpayer" and "unlawful excise tax" contentions are meritless and grounds for assessing sanctions); Coleman v. Comm'r, 791 F.2d 68, 72 (7th Cir.1986) (describing the "unlawful excise tax" argument as "objectively frivolous"); Parker v. Comm'r, 724 F.2d 469, 472 (5th Cir.1984) (stating that the "excise tax" argument is frivolous, stale, and long "put to rest").

We grant the United States's motion for sanctions against Everett for filing this frivolous appeal. The government moved for sanctions in a timely manner, certified that Everett was served with the motion, and Everett has not responded. See Fed. R.App. P. 38 (requiring notice and an opportunity to respond). Tax protestors who assert frivolous claims may be legally assessed damages in the district court and on appeal. See Schoffner v. Comm'r, 812 F.2d 292, 294 (6th Cir.1987). This court has indicated its disapproval of frivolous appeals in tax protestor cases and its intention to impose Fed.R.Civ.P. 38 sanctions and award costs. See Martin, 756 F.2d at 41; Perkins v. Comm'r, 746 F.2d 1187, 1188–89 (6th Cir.1984). An appeal is properly sanctioned as frivolous under 28 U.S.C. § 1912 and Rule 38 when the only issue raised has been clearly resolved against the appellant. See Schoffner, 812 F.2d at 293–94.

This appeal is frivolous under any of the applicable standards. The district court suit was bottomed on Everett's belief that he had legally outfoxed the IRS through legal research and by citation to cases that support his belief that he is not required to pay taxes. Although his pleadings and his brief are peppered with evidence of his legal-research abilities, he has obviously ignored this court's stern warnings to litigants who champion the frivolous contentions he has raised. See Martin, 756 F.2d at 41; Perkins, 746 F.2d at 1188–89. Everett maintains his legal challenges on appeal.

The IRS has moved for sanctions to be awarded in the lump sum of $4,000. The IRS has presented evidence that it costs $4,900—in attorney salaries and other expenses incurred by the Tax Division of the Department of Justice—to defend frivolous appeals. This court has approved lump-sum awards under Rule 38. See Schoffner, 812 F.2d at 294 (finding that a sanction of $1,200 was an appropriate award where the IRS Commissioner stated that $1,200 was the average award for the previous two years). A sister circuit has recently approved a $4,000 sanction in a case that mirrors Everett's. See Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir.2000). However, because Everett has not been identified as a persistent frivolous litigant, we feel that a sanction of $200.00 would be sufficient.

Accordingly, we grant the United States's motion for sanctions in the amount of $200.00, and we affirm the judgment of the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.