UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles MARTIN, Defendant–
Appellant.

Vera MARTIN, et al., Defendants.

No. 01–3107.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2001.

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

Pro se Ohio resident and tax protestor Charles Martin appeals a district court order that denied a Fed.R.Civ.P. 60(b) motion that was filed on behalf of the Paradise Farm Company. Martin has also filed a motion to set aside judgments. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed Fed. R.App. P. 34(a).

In May 1999, the United States filed an action to: (1) reduce assessments to judgments and enforce tax liens against the property of Charles and Vera Martin, and (2) set aside fraudulent conveyances from Charles and Vera Martin to Rebecca Martin and from Rebecca Martin to the Paradise Farm Company. Because she failed to plead or defend the suit, the district court granted a default judgment against Vera Martin and in favor of the United States. The court later granted summary

---

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Ten- nessee, sitting by designation.

judgment against Charles Martin and in favor of the United States. The court ordered that tax liens attach to the Martin's property and that the property be sold.

On November 7, 2000, the Paradise Farm Company moved the court to set aside the aforementioned judgment pursuant to Fed. R. Civ. P 60(b)(3) and (b)(4). The district court denied the motion in a marginal entry order.

In this timely appeal from the denial of the Rule 60(b) motion, Charles Martin champions tax-protestor contentions and presents inapposite arguments concerning Fourth Amendment violations. The United States moves this court to sanction Martin in the amount of $4,000 for taking a frivolous appeal.

To the extent a cogent argument may be gleaned from Martin's appellate briefs, he makes irrelevant contentions and otherwise asserts tax-protestor claims that are patently frivolous. This appeal has been abandoned by Martin's failure to brief properly any issue for appeal. *Thaddeus–X v. Blatter*, 175 F.3d 378, 403 n. 18 (6th Cir.1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

The United States has moved for sanctions to be awarded in the lump sum of $4,000. The United States has presented evidence that it costs an average of $4,900—in attorney salaries and other expenses incurred by the Tax Division of the Department of Justice—to defend frivolous appeals.

We agree that $4,000 is a reasonable penalty, and we find that imposing a lump sum sanction in lieu of costs conserves both government and judicial resources. *See Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir.2000) (imposing the $4,000 sanction); *Schoffner v. Comm'r*, 812 F.2d 292, 294 (6th Cir.1987) (finding that a sanction of $1,200 was an appropriate award where the IRS Commissioner stated that $1,200 was the average award for the previous two years). Martin has persistently and obstinately litigated his tax theories in this court for more than fifteen years. *See Martin v. Commissioner*, 756 F.2d 38, 41 (6th Cir.1985) (assessing double costs against Martin); *Martin v. Commissioner*, 753 F.2d 1358, 1360–61 (6th Cir.1985) (indicating this court's disapproval of frivolous appeals in tax protestor cases and its intention to impose Fed. R.Civ.P. 38 sanctions).

For the foregoing reasons, we grant the United States's motion for sanctions in the amount of $4,000 and we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit We also deny Martin's motion to set aside judgments.