**Dwight PURK, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Internal Revenue Service; et al., Defendants–Appellees.**

No. 02–3722.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

Dwight Purk, an Ohio resident, appeals pro se a district court order denying his motion to reopen a case he originally filed in 1988 protesting the assessment of income taxes against him. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Purk's original complaint challenging tax assessments for the years 1981 through 1984 was dismissed in 1989 for lack of jurisdiction and failure to state a claim. Purk moved to reopen the case several times in 1991 and 1993, which motions were denied. He has also filed numerous other tax protest lawsuits in the district court and state courts, as well as a number of appeals to this court. The current motion was filed in 2002, asking the court reopen the 1988 case under the authority of Fed.R.Civ.P. 59. As best can be construed from the motion and the numerous subsequent filings by Purk, he is objecting to the tax assessment and collection efforts of the Internal Revenue Service subsequent to the original dismissal, including a levy on his Social Security payments, and is seeking damages under the Federal Tort Claims Act. The matter was referred to a magistrate judge, who recommended that the motion be denied as frivolous due to its extremely untimely nature. Purk filed objections to the recommendation, but did not specifically address the magistrate judge's conclusion that his motion should be denied as untimely. The district

court noted Purk's failure to file specific objections, and adopted the magistrate judge's recommendation.

On appeal, Purk has submitted numerous documents in a repetitive fashion. He appears to be objecting to the use of stamped signatures on some forms filed by the I.R.S., the failure to provide him with the back side of some documents of which he requested copies, and the fact that some notices of release of liens indicated that they were filed by the Small Business/Self–Employed Unit of the I.R.S., while Purk repeatedly points out that he is neither a small business nor self-employed. The defendant I.R.S. has filed a motion for sanctions of $4000 pursuant to 28 U.S.C. § 1912 and Fed. R.App. P. 38, and Purk has filed a response.

Because Purk's motion to reopen was filed more than ten days after judgment (in fact, more than thirteen years later), the district court construed it as a Fed.R.Civ.P. 60(b) motion for relief from judgment. Denial of such a motion is reviewed for an abuse of discretion. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). No abuse of discretion occurred in this case, as the motion was not filed within a reasonable time, and sought to raise new claims and arguments that were not related to the original complaint. Moreover, Purk arguably waived further review of the denial of his motion by failing to file specific objections to the magistrate judge's report. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Furthermore, it has been pointed out to Purk in more than one of his previous actions that he cannot bring a suit for damages under the Federal Tort Claims Act for injuries arising from the assessment or collection of taxes. 28 U.S.C. § 2680(c); *Fishburn v. Brown,* 125 F.3d 979, 982 (6th Cir.1997). For all of the above reasons, the district court's order denying the motion to reopen will be affirmed.

Defendant's motion for sanctions of $4000 pursuant to 28 U.S.C. § 1912 and Fed. R.App. P. 38 will be granted. *See Stafford v. United States,* 208 F.3d 1177, 1179 (10th Cir.2000); *Schoffner v. Comm'r,* 812 F.2d 292, 294 (6th Cir.1987). Purk has previously been assessed double costs in more than one of his appeals, but this has apparently not deterred him from filing frivolous appeals. This court has also noted Purk's demonstrated history of frivolous litigation and cautioned him that further sanctions might be imposed in prior orders. Defendant's motion indicates that $4000 is less than the average amount expended by it in defending frivolous lawsuits.

Accordingly, the motion for sanctions is granted and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.