T.C. Memo. 2009-149


UNITED STATES TAX COURT


EDWARD C. KNITTEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26118-07.                    Filed June 24, 2009.


Edward C. Knittel, pro se.

<u>Beth A. Nunnink</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, <u>Judge</u>:  Respondent determined a deficiency and
additions to tax with respect to petitioner's 2003 Federal income
tax liability as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2003 | $9,283 | $2,088.68 | $1,763.77 | $239.77 |

The deficiency resulted from the determination that petitioner had income from nonemployee compensation, a taxable pension distribution, and stock sales.  After a concession as to the amount of petitioner's income from stock sales, respondent recomputed the amounts in issue as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2003 | $9,007 | $2,027 | -- | $232 |

The only bona fide issue for decision is whether a penalty under section 6673 should be awarded to the United States and, if so, how much.  All section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts, to the extent relevant, are incorporated in our findings by this reference.  Petitioner resided in Tennessee at the time that he filed his petition.

During 2003, petitioner performed services for H&H Enterprises and was paid $32,494 for those services.  The services were reported to the Internal Revenue Service (IRS) on Form 1099-MISC, Miscellaneous Income.

During 2003, petitioner received taxable distributions of $4,293 and $2,649 from the Sheet Metal Workers Local 33 and the

Sheet Metal Workers National Pension Fund, respectively.  These distributions were reported to the IRS on Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.

During 2003, petitioner engaged in securities transactions through Scottrade Financial Services.  He realized short-term capital gains of $1,104.44 on those transactions.

Petitioner was born in Ohio in 1944 and lived in Tennessee beginning in 1995.  On or about August 1, 2000, petitioner provided to H&H Enterprises a Form W-8, Certificate of Foreign Status, in which he represented that he was "an exempt foreign person" as defined on that form.  That representation was false and was based on petitioner's frivolous position that he was not a person required to pay taxes on his income or to file Federal income tax returns.

Petitioner did not file a Federal income tax return for 2003.  The notice of deficiency was based on third-party reports showing petitioner's taxable income.

Petitioner's liability for Federal income tax and additions to tax for 2002 was the subject of his petition in this Court's docket No. 18952-05.  On May 21, 2007, the Court rendered an oral opinion in that case.  The Court found that petitioner had received taxable income from H&H Enterprises, Sheet Metal Workers Local 33, and Sheet Metal Workers National Pension Fund in 2002.

The Court found that petitioner had maintained frivolous positions with regard to the Federal income tax in his communications with respondent and in his filings with the Court, sustained additions to tax, and awarded to the United States a penalty of $2,000 under section 6673.

In this case, petitioner maintained frivolous positions in his petition, in discovery promulgated to respondent, in motions filed with the Court, in his pretrial memorandum, and at trial. Respondent's answer warned petitioner that his arguments were frivolous, cited the prior oral opinion of the Court in docket No. 18952-05, and asserted a penalty under section 6673. In response to a motion for protective order filed by respondent and granted by the Court, the Court gave notice to petitioner as follows:

> Petitioner has the burden of identifying and proving any deductions to which he might be entitled. Petitioner is warned that his failure to cooperate or to produce evidence on the issues may result in disregard of any deductions. Moreover, he is warned that his persistence in frivolous and groundless arguments may result in a penalty not to exceed $25,000 under section 6673.

OPINION

Petitioner declined to testify at trial. He submitted documentary "evidence" that merely confirmed that his positions are frivolous. Records establishing his receipt of income and his failure to file returns or to pay tax were received under rules 803(6) and (10) and 902 of the Federal Rules of Evidence.

Petitioner did not dispute the amounts of income the payors reported. He persisted in arguing that his income is not taxable, that alleged procedural requirements were not met, that he had no obligation to make a return, and that "he is not a United States person as defined in I.R.C. section 7701(a)(30)."

Respondent brought to the Court's attention a petition filed by petitioner in docket No. 6489-09 with respect to a notice of determination for 2004 and 2005. That petition repeats petitioner's frivolous positions.

Section 6673(a)(1) provides:

SEC. 6673.  SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Despite repeated warnings by respondent and the Court, petitioner continues to maintain the same frivolous positions and to impose extra burdens on respondent in pursuing matters where

there is no reasonable dispute.  Arguments that compensation for services is not taxable have been repeatedly and thoroughly rejected in cases too numerous to mention.  Arguments such as those pursued by petitioner have resulted in criminal convictions, e.g., United States v. Sloan, 939 F.2d 499 (7th Cir. 1991; United States v. Collins, 920 F.2d 619 (10th Cir. 1990); civil fraud penalties, e.g., Rowlee v. Commissioner, 80 T.C. 1111 (1983); Chase v. Commissioner, T.C. Memo. 2004-142; section 6673 penalties, e.g., Sawukaytis v. Commissioner, T.C. Memo. 2002-156, affd. 102 Fed. Appx. 29 (6th Cir. 2004); and sanctions for frivolous appeals, e.g., Martin v. Commissioner, 756 F.2d 38 (6th Cir. 1985), affg. T.C. Memo. 1983-473; Perkins v. Commissioner, 746 F.2d 1187 (6th Cir. 1984), affg. T.C. Memo. 1983-474. Petitioner has been adequately warned but not adequately deterred.  A penalty in this case will be awarded in the amount of $7,500.

An order and decision will be entered in accordance with respondent's revised computation.