869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald W. DAVENPORT, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-1581.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and records, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Petitioner initiated these actions in the Tax Court to contest the propriety of two notices of income tax deficiency. The Tax Court dismissed the petitions for failure to state a claim. Judgment was entered for the Commissioner, and two $2500 sanctions against the petitioner were imposed under 26 U.S.C. Sec. 6673.
 On appeal, the parties have briefed the issues, petitioner proceeding pro se. Petitioner has filed a demand for jury trial, and an objection to the representation of the respondent by the Justice Department.
 Review of the record indicates that the Commissioner assessed over $30,000 in deficiencies and penalties against the petitioner for his failure to report taxes in 1981, 1982, 1983 and 1984. Davenport's petitions before the Tax Court essentially claimed that the IRS was without jurisdiction to assess taxes against him because he is a "Freeman" under the "Organic Constitution." Petitioner further asserted a blanket claim to the fifth amendment privilege against divulging tax information.
 Upon consideration, we find no error in the Tax Court's dismissal of the petitions for failure to state a claim. A petition before the Tax Court must contain specific facts which call into question the presumed correctness of the Commissioner's determinations of tax liability. See Lefebvre v. Commissioner, 830 F.2d 417, 419 (1st Cir.1987) (per curiam); Taylor v. Commissioner, 771 F.2d 478, 479 (11th Cir.1985) (per curiam). Davenport's petitions utterly fail to advance any argument that the Commissioner's deficiency notices contained factual errors or miscalculations. The constitutionality and jurisdiction of the federal tax system are well settled. See Pollard v. Commissioner, 816 F.2d 603, 604 (11th Cir.1987) (per curiam). Davenport's apparent reliance on the non-ratification of the sixteenth amendment is unfounded. See Sisk v. Commissioner, 791 F.2d 58, 60 (6th Cir.1986). His fifth amendment argument is groundless, see Heitman v. United States, 753 F.2d 33, 34 (6th Cir.1984) (per curiam), as in his claimed right to a jury trial before the tax court. See Martin v. Commissioner, 756 F.2d 38, 40 (6th Cir.1985). All of petitioner's issues are clearly without merit. The record amply supports the Tax Court's entry of judgment and the imposition of damages pursuant to 26 U.S.C. Sec. 6673.
 Davenport's objection on appeal to the participation by the Justice Department on behalf of the respondent is also not well taken. The Justice Department is authorized to represent the Commissioner. 26 U.S.C. Sec. 516.
 
 
 1
 We have consistently demonstrated our willingness to invoke Rule 38 of the Federal Rules of Appellate Procedure against litigants bringing frivolous "tax protest" appeals. See, e.g., Schoffner v. Commissioner, 812 F.2d 292 (6th Cir.1987) (per curiam); Martin, 756 F.2d at 40-41. We find the instant appeal warrants a Rule 38 award for respondent. In Schoffner, 812 F.2d at 294, a panel of the court adopted the figure of $1200 to be the appropriate measure of damages in similar cases.
 
 
 2
 Accordingly, Davenport's demand for a jury trial and his objection to the participation of the Justice Department are denied. The Tax Court judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, and damages are assessed against petitioner under Fed.R.App.P. 38 in the amount of $1200.