FREDERICK A. PATMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patmon v. Commissioner
Docket No. 26954-86
United States Tax Court
T.C. Memo 1989-343; 1989 Tax Ct. Memo LEXIS 342; 57 T.C.M. (CCH) 974; T.C.M. (RIA) 89343; July 18, 1989
*342 Held: Petitioner is not entitled to depreciation deductions with respect to a master recording. Hallison H. Young, for the petitioner. Timothy S. Murphy, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: By statutory notice dated April 11, 1986, respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $ 22,940.57. Respondent also determined additions to tax pursuant to sections 6651(a)(1), [1] 6653(a), and 6654, in the respective amounts of $ 5,735.14, $ 1,147.03, and $ 1,463.16. *343 By order dated July 14, 1987, we limited the issues to whether petitioner is entitled to Schedule C loss deductions with respect to a master recording. By order dated February 19, 1988, we expanded the issues to include petitioner's entitlement to a net operating loss carry forward deduction, but only to the extent determined in a separate proceeding with respect to petitioner's 1979 Federal income taxes. For convenience, the Findings of Fact and Opinion are combined. Some of the facts have been deemed admitted pursuant to a motion filed by respondent pursuant to Rule 91(f) which we granted on February 19, 1988. At the time he filed his petition herein, petitioner was a resident of Detroit, Michigan. This case concerns petitioner's entitlement to depreciation deductions pursuant to section 167 with respect to a master recording. This case was tried in Detroit, Michigan, on December 13, 1988. Petitioner was not present at trial, and therefore did not testify. *344 Rather, he asserted his Fifth Amendment privilege against self-incrimination through his counsel. The burden of proof in this case is upon petitioner. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Petitioner has failed to produce any acceptable evidence with respect to the merits of his case. Rather, petitioner has chosen to argue that the deficiency should be reduced to zero due to respondent's perceived abuses. We find these arguments to be wholly without merit. We therefore find for respondent on all remaining issues. Because of our earlier orders limiting the issues, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩