RONALD W. DAVENPORT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davenport v. Commissioner
Docket Nos. 8253-88, 33047-88
United States Tax Court
T.C. Memo 1989-434; 1989 Tax Ct. Memo LEXIS 432; 57 T.C.M. (CCH) 1329; T.C.M. (RIA) 89434; August 16, 1989; As corrected August 17, 1989; As corrected September 6, 1989 Davenport v. C.I.R., 869 F.2d 1489, 1989 U.S. App. LEXIS 1030 (6th Cir., 1989)
Ronald W. Davenport, pro se. Peter W. Ritterman, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Lee M. Galloway pursuant to section 7443A(b)(4) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special *433 Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Before the Court for disposition are respondent's two consolidated motions to dismiss for failure to state a claim upon which relief can be granted, filed pursuant to Rule 40 on May 26, 1988 and February 10, 1989, with respect to the 1985 and 1986 tax years. Respondent also requested an award of damages under section 6673. In both cases, petitioner filed a notice of objection. Respondent mailed notices of deficiency to petitioner on January 28, 1988, and September 30, 1988, with respect to the years 1985 and 1986. Petitioner was a resident of Mt. Clemens, Michigan, when he filed his petitions with this Court. In the notices of deficiency, respondent determined deficiencies in petitioner's Federal income tax and additions to tax in the following amounts: Additions To Tax, Secs.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
6661(a)
1985
$ 10,645.00
$ 1,978.00
$ 532.25
(1)
$ 414.24
$ 2,661.25
1986
$ 17,371.00
$ 4,326.25
$ 868.55
(1)
$ 836.00
$ 4,342.75
*434 (1) 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Respondent's determinations were based on the following adjustments: (1) Petitioner's failure to report on timely filed tax returns the following items of gross income: Wages Received
Other Compensation
Wages Received
From
Received From
From Mt. Clemens
Interest
Year
Ford Motor Co.
Ford Motor Co.
Coating
Income
1985
$ 38,778.00
$ 19.00
$ 48.00
1986
37,484.00
35.00
$ 17,206.00
66.00
(2) The remaining adjustments involve respondent's determinations of the additions to tax set forth above. Petitioner has previously filed two petitions in this Court challenging respondent's determination of the same issues before us for consideration in this proceeding, i.e., unreported wages and other income and additions to tax. In orders of dismissal and decisions entered on March 17, 1988, with respect to the years 1981, 1982 and 1983 (docket No. 13914-87), and the year 1984 (docket No. 13917-87), this Court granted respondent's motions to dismiss *435 for failure to state a claim in those cases. Our decisions were appealed to the United States Court of Appeals for the Fourth Circuit and affirmed by that Court without published opinion. See Davenport v. Commissioner, 869 F.2d 1489 (6th Cir. 1989), certiorari denied U.S. (June 19, 1989). No useful purpose would be served in unduly wasting our time discussing petitioner's contentions contained in his third and fourth petitions to this Court with respect to the 1985 and 1986 years. Cf. Masters v. Commissioner, T.C. Memo. 1989-212. As in the prior years, the petitions filed in these cases have duplicate contentions. Each petition contains four single-spaced typed pages of protester-type gibberish. The petitions assert that petitioner is a "FREEMAN CITIZEN and NOT a 'TAXPAYER'"; that respondent has not proven jurisdiction and his notice of deficiency must therefore be quashed "IN ITS ENTIRETY WITH PREJUDICE as being VOID FOR FRAUD, VOID FOR REPUGNANCY TO THE ORGANIC CONSTITUTION" that petitioner does not desire to "partake in a joint venture for profit under any ADMIRALTY OR MARITIME JURISDICTION" relating to "TONTINE SCHEMES (which) *436 are outlawed and against our Organic Constitutional way of life" and various other vague and equally nonsensical arguments. Such contentions have been consistently rejected by this and other Courts. See Knighten v. Commissioner, 702 F.2d 59, 60-61 (5th Cir. 1983); McCoy v. Commissioner, 696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982). Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. No justiciable error has been alleged in the petition filed by petitioner. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears *437 beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). The determinations made by respondent in his notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). Since petitioner has not raised any justiciable facts or issues in his petition, respondent's motions to dismiss will be granted. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958). With respect to respondent's motion for an award of damages, section 6673 provides, in part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, * * * damages *438 in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * We find that the petitions are frivolous and groundless and were filed primarily for delay. Accordingly, we award damages to the United States in the amount of $ 5,000, $ 2,500 in each docket. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). Appropriate orders and decisions will be entered. Footnotes
1. All subsequent section numbers refer to the Internal Revenue Code in effect for the taxable years in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure.↩