RONALD W. DAVENPORT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davenport v. Commissioner
Docket No. 17614-93
United States Tax Court
T.C. Memo 1994-3; 1994 Tax Ct. Memo LEXIS 2; 67 T.C.M. (CCH) 1922; January 5, 1994, Filed Davenport v. Commissioner, T.C. Memo 1989-434, 1989 Tax Ct. Memo LEXIS 432 (T.C., 1989)
*2 P's tax-protester petition, the seventh he has filed in this Court, will be dismissed for failure to state a claim upon which relief can be granted. Penalty awarded to the United States under sec. 6673(a), I.R.C., in the maximum amount of $ 25,000. Ronald W. Davenport, pro se. For respondent: Eric M. Nemeth. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter came on for hearing of respondent's motion to dismiss for failure to state a claim upon which relief can be granted. Respondent's motion is well taken and it will be granted. Petitioner, who resided *3 at Mt. Clemons, Michigan, when he filed his petition herein, is a long-term misuser of the processes of this Court. In the case at bar he petitioned for a redetermination of two notices of deficiency mailed to him. Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6654(a)
1990
$ 8,273
$ 2,068.25
$ 543
1991
9,948
2,487.00
570
In his petition (which was captioned by petitioner as Motion to Dismiss Notice of Deficiency) petitioner (a) alleged that he has the right not to be a witness against himself and cannot be compelled to supply any personal or private information, (b) demanded that he had a right to trial by jury, and (c) contended his Fourth Amendment rights were violated by the Internal Revenue agent. To the petition were attached income tax return forms for 1990 and 1991 containing essentially no information other than the words "object", as well as various writings, most of which make no sense and all of which may reasonably be classified as stale tax-protester arguments. At the hearing on respondent's motion to dismiss petitioner asserted that *4 he could not be obliged to file a return as it would incriminate him, that the income tax system was voluntary (and he chose not to volunteer), that the income tax system was unconstitutional, and that the notices of deficiency were invalid as no tax had been assessed against him. Petitioner knows that he is incorrect in all of his contentions. Not only has this Court told him he was in error in previous cases, but so has the United States Court of Appeals for the Sixth Circuit. We set forth below petitioner's history in this Court: Docket No.
Tax Years
Tax Court Dismissal
Damages imposed
13914-87
1981
Failure to State
$ 2,500
1982
A Claim
1983
13917-87
1984
Failure to State
$ 2,500
A Claim
8253-88
1985
Failure to State
$ 2,500
A Claim
33047-88
1986
Failure to State
$ 2,500
A Claim
1707-91
1987
Lack of Jurisdiction [2]
None 21666-91
1988
Failure to State
$ 3,000
A Claim
461-93
1989
Failure to State
$ 2,500
A Claim
Petitioner appealed the decisions of this Court in docket Nos. 13914-87 and 13917-87 to the Court of Appeals for the Sixth Circuit. In an unpublished *5 opinion, that Court of Appeals affirmed the decisions entered, including the damages awarded by this Court under section 6673, and further awarded to respondent damages against petitioner in the amount of $ 1,200 under Rule 38, Fed. R. App. P. Mandate of the Sixth Circuit, issued on February 27, 1989. It is thus clear to this Court that petitioner not only refused to adhere to the opinions of this Court, but also refused to give credence to the unpublished opinion of the Court of Appeals. Davenport v. Commissioner, 869 F.2d 1489 (6th Cir. 1989), affg. T.C. Memo. 1989-343. Petitioner is now before us in regard to his 1990 and 1991 taxes. Once again, he has failed to live up to his obligations under the Internal Revenue Code in that he has failed to file his return and pay the taxes due thereon. Petitioner appeared at the hearing. He was well spoken and appeared to understand the English language. He advised the Court that he had read the cases he cited to the Court and in response to a direct question admitted that he had read some of the cases which held contrary to his opinions. He believed, he said, that they were *6 just wrong. The petition does not meet the requirements of our Rule 34(b)(4) that a petition shall contain clear and concise assignments of each and every error that petitioner alleges to have been committed by respondent in the determination of the deficiencies. Further, it does not contain clear and concise lettered statements of the facts on which petitioner bases his assignments of error, as required by our Rule 34(b)(5). Our Rule 40 provides for the filing of a motion to dismiss for failure to state a claim upon which relief can be granted. This repeat petitioner to our Court knows that his petition fails to state a claim upon which relief can be granted. Consequently, it will be dismissed just as were the earlier petitions. Respondent has requested an award of a penalty under the provisions of section 6673 in the amount of $ 25,000. Section 6673(a)(1) provides: (a) TAX COURT PROCEEDINGS. -- (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or *7 (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
The Congress of the United States increased the amount of an award this Court might make under section 6673 in certain circumstances from $ 5,000 to $ 25,000, effective for positions taken after December 31, 1989, in proceedings pending on, or commenced after such date. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2400. We have proceeded cautiously with the authority given to this Court to award such increased penalties. [2] This provision originated in the House of Representatives, and the House Budget Committee report, H. Rept. 101-247 (1989), explains the reasoning with respect to the increased amounts we may award under section 6673 as follows: The committee intends that the increased penalty (above $ 5,000) apply primarily (but not exclusively) to tax shelter cases, where the $ 5,000 maximum provided under present law appears to be ineffective in deterring taxpayers from taking frivolous positions. * * * The committee *8 believes that dealing with these frivolous lawsuits wastes scarce judicial resources and delays the resolution of legitimate disputes. * * * [H. Rept. 101-247 at 1399-1400 (1989)].
*9 See also Senate Finance Committee report, at 314, Oct. 4, 1989. We believe that the instant case presents such an example of egregious conduct by a tax protester that the maximum penalty should be awarded. We stated in Schiff v. Commissioner, T.C. Memo. 1992-183, in imposing the maximum penalty of $ 25,000 against a frequent tax-protester litigant, that "We simply cannot, and will not let this Court be used as a forum for petitioner to continue to air his discounted theories." The taxpayer in Schiff, as petitioner herein, argued that no valid assessment can be made without a voluntarily filed tax return. Petitioner, through his flagrant flouting of the law, has delayed the timely collection of his Federal income taxes for every year from 1981 through 1991. He has wasted the judicial resources of this Court occasion upon occasion when the time of the Court might better be spent upon taxpayers with valid controversies. He has never presented to this Court any valid dispute, factual or legal, he has with the Internal Revenue Service. He has been told, time and again, that his view of the law is simply incorrect, and he has chosen to ignore *10 this advice. We particularly note that the mandate of the Court of Appeals for the Sixth Circuit, affirming the decisions of this Court against petitioner in docket Nos. 13914-87 and 13917-87, issued February 27, 1989, was in the hands of petitioner well over 4 years prior to his latest appearance before this Court on November 4, 1993. Similarly, our orders of dismissal and decision in docket Nos. 461-93 and 17614-93, dated October 7, 1993, and October 15, 1993, respectively, were before petitioner prior to the hearing herein. It is for this reason that we impose the maximum penalty of $ 25,000 under section 6673 against petitioner. We cannot continue to allow such abuses of the processes of this Court. An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The petition was not timely filed.↩
2. E.g., Webb v. Commissioner, T.C. Memo. 1993-521. Since the increase in the penalty amount, we have imposed on several occasions penalties in excess of $ 5,000. E.g., Schiff v. Commissioner, T.C. Memo. 1992-183; Singer v. Commissioner, T.C. Memo. 1990-222; Freas v. Commissioner, T.C. Memo. 1993-552; Andreas v. Commissioner, T.C. Memo. 1993-551; Bierhaalder v. Commissioner, T.C. Memo. 1993-164; Steines v. Commissioner, T.C. Memo. 1992-20, affd. without published opinion    F.3d     (7th Cir. 1993); Cotton v. Commissioner, T.C. Memo. 1992-16; Martin v. Commissioner, T.C. Memo. 1991-243; Pfluger v. Commissioner, T.C. Memo. 1991-244; Grabavoy v. Commissioner, T.C. Memo. 1991-165, affd. without published opinion 980 F.2d 733 (7th Cir. 1992); Zink v. Commissioner, T.C. Memo. 1990- 634; Martin v. Commissioner, T.C. Memo. 1990-560; Karlin v. Commissioner, T.C. Memo. 1990-496; Urwyler v. Commissioner, T.C. Memo. 1990-188, affd. in part, vacated in part without published opinion 945 F.2d 410↩ (9th Cir. 1991).