T.C. Memo. 2009-248

UNITED STATES TAX COURT

RONALD W. DAVENPORT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3998-08.                    Filed November 2, 2009.

Ronald W. Davenport, pro se.

<u>Steven G. Cappellino</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following

deficiencies in and additions to petitioner's Federal income tax:

| Year | Deficiency | Additions to Tax | | |
|------|-----------|-------------------|------------------|-----------------|
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2002 | $12,853 | $100.00 | $107.25 | -- |
| 2003 | 13,073 | -- | -- | -- |
| 2005 | 13,997 | 409.28 | 154.62 | $18.69 |

The issues for decision are: (1) Whether wages constitute taxable income; (2) whether petitioner is liable for additions to tax under section 6651(a)(1) and (2)[1] for 2002 and 2005; (3) whether petitioner is liable for an addition to tax under section 6654(a) for 2005; and (4) whether petitioner is liable for a penalty under section 6673(a)(1).

                        FINDINGS OF FACT

The facts have been deemed stipulated under Rule 91(f) and are so found.[2] The stipulations, with accompanying exhibits, are incorporated herein by this reference. Petitioner resided in Michigan at the time he filed his petition.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Under Rule 91(f), respondent moved the Court to issue an order requiring petitioner to show cause why the facts and evidence set forth in respondent's proposed stipulation of facts should not be accepted as established for the purposes of this case. The Court granted respondent's motion and ordered petitioner to file a response in compliance with Rule 91(f)(2). Although petitioner timely filed his response, the Court found it evasive and not fairly directed to respondent's proposed stipulation of facts, and as a result, granted respondent's motion.

Petitioner is no stranger to the Court.  The following is petitioner's history in this Court:

| Docket No. | Tax Year(s) | Tax Court Dismissal | Sec. 6673 Damages or Penalty Imposed |
|---|---|---|---|
| 13914-87 | 1981 1982 1983 | Failure to state a claim | $2,500 |
| 13917-87 | 1984 | Failure to state a claim | 2,500 |
| 8253-88 | 1985 | Failure to state a claim | 2,500 |
| 33047-88 | 1986 | Failure to state a claim | 2,500 |
| 1707-91 | 1987 | Lack of jurisdiction | -- |
| 21666-91 | 1988 | Failure to state a claim | 3,000 |
| 461-93 | 1989 | Failure to state a claim | 2,500 |
| 17614-93 | 1990 1991 | Failure to state a claim | 25,000 |

During the years in issue petitioner was employed by the E.I. du Pont de Nemours and Co. (EI) and received compensation from EI of $65,754 in 2002, $72,012 in 2003, and $76,504 in 2005. EI reported petitioner's compensation on Forms W-2, Wage and Tax Statement, and withheld Federal income tax of $12,424 in 2002, $13,588 in 2003, and $12,178 in 2005.  Petitioner did not file a tax return for 2002, 2003, or 2005.  Respondent prepared and mailed petitioner notices of deficiency for 2002, 2003, and 2005

on November 13, 2007. Petitioner received these notices and timely petitioned this Court.[3]

Petitioner did not cooperate with respondent at any time during the administrative or judicial process. Petitioner failed to meet with respondent or provide respondent with any information that would have enabled respondent to properly determine petitioner's tax liability. Instead, petitioner sent respondent two letters advancing frivolous legal arguments as to the deficiencies for 2002, 2003, and 2005.

At trial we informed petitioner that his arguments were frivolous. We reminded him that this Court had previously imposed penalties under section 6673 against him. We further reminded him that the U.S. Court of Appeals for the Sixth Circuit (to which an appeal in this case would lie) affirmed this Court's sanction of $5,000 ($2,500 in each of two dockets) under section 6673 and assessed $1,200 of damages against petitioner. Davenport v. Commissioner, 869 F.2d 1489 (6th Cir. 1989) (unpublished disposition).

---

[3] In his posttrial brief, petitioner claims the Court's grant of respondent's Rule 91(f) motion to show cause and adoption of respondent's proposed stipulation of facts, which includes the statement that petitioner received the three notices of deficiency, is invalid because petitioner's Individual Master File does not contain any record that he was issued a notice of deficiency for 2002, 2003, or 2005. However, in his petition, petitioner checked "Notice of Deficiency" as the IRS notice he was disputing.

OPINION

I.  <u>Income Tax Deficiencies for 2002, 2003, and 2005</u>

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Section 7491(a), however, provides that if the taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.  Additionally, section 6201(d) provides that if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Commissioner by a third party and the taxpayer has fully cooperated with the Commissioner, the Commissioner shall have the burden of producing reasonable and probative information concerning such deficiency in addition to such information return.

Petitioner does not dispute that he received compensation from EI for the years in issue.  However, petitioner does dispute that the compensation he received is wages and therefore taxable income.  Accordingly, since petitioner does not dispute the facts, has failed to introduce credible evidence, and has not asserted a reasonable dispute regarding the items listed on the

information returns, sections 6201(d) and 7491(a) do not apply. See <u>Rhodes v. Commissioner</u>, T.C. Memo. 2005-184.

On brief petitioner advanced shopworn arguments regarding why he did not earn wages and questioned the authority of the Secretary.  His arguments are characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  See <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986).  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

Accordingly, we sustain respondent's deficiency determinations for 2002, 2003, and 2005.

II.  <u>Additions to Tax</u>

A.  <u>Burden of Proof and Production</u>

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax.  "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount".  <u>Swain v. Commissioner</u>, 118 T.C. 358, 363 (2002); see also <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446

(2001). If a taxpayer files a petition alleging some error in the determination of an addition to tax or penalty, the taxpayer's challenge will succeed unless the Commissioner produces evidence that the addition to tax or penalty is appropriate. Swain v. Commissioner, supra at 363-365. The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority. Higbee v. Commissioner, supra at 446-447.

B. Section 6651(a)(1)

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for 2002 and 2005.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect.

Petitioner failed to file Federal income tax returns for the years at issue. The Court finds respondent has met his burden of production with regard to the additions to tax under section 6651(a)(1). Petitioner has presented no evidence indicating his failure to file was due to reasonable cause or that respondent's determination is otherwise incorrect. Accordingly, petitioner is liable for additions to tax under section 6651(a)(1) for 2002 and 2005.

C. Section 6651(a)(2)

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(2) for 2002 and 2005.

Section 6651(a)(2) provides for an addition to tax where payment of the amount reported as tax on a return is not timely "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".

With respect to the section 6651(a)(2) addition to tax, the Commissioner must introduce evidence that the tax was shown on a Federal income tax return to satisfy his burden of production under section 7491(c). Cabirac v. Commissioner, 120 T.C. 163 (2003). When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared a substitute for return (SFR) that meets the requirements of section 6020(b). Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

Section 6020(b) provides:

SEC. 6020(b). Execution of Return by Secretary.--

(1) Authority of Secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

Because respondent is relying upon an alleged SFR to support his determination under section 6651(a)(2), respondent must introduce evidence that an SFR satisfying the requirements of section 6020(b) was made. See Wheeler v. Commissioner, supra at 210. Respondent has not done so.

We have addressed on several occasions what constitutes an SFR. See Wheeler v. Commissioner, supra at 208-210 (describing Phillips v. Commissioner, 86 T.C. 433, 437-438 (1986), affd. in part and revd. in part on another issue 851 F.2d 1492 (D.C. Cir. 1988), Millsap v. Commissioner, 91 T.C. 926, 930 (1988), and Cabirac v. Commissioner, supra at 170-173). In Wheeler v. Commissioner, supra at 210, we noted that in "each of the cases discussed above, the record included the SFRs that the Commissioner contended met the requirements of section 6020(b) and/or stipulations that the SFRs had been filed." Although respondent alleged that a valid SFR was prepared for petitioner for each year in issue, respondent did not introduce the SFRs into evidence, and the parties did not stipulate that a valid SFR was made. Instead, respondent provided Forms W-2 and Forms 4549, Income Tax Examination Changes, for 2002 and 2005.

These documents do not mention, much less establish, that respondent made SFRs meeting the requirements of section 6020(b),

and respondent has not satisfied his burden of production under section 7491(c).  See Lewis v. Commissioner, T.C. Memo. 2007-44 (finding Commissioner did not meet burden of production under section 7491(c) for section 6651(a)(2) addition to tax although respondent provided as follows:  Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, indicating respondent prepared a SFR on a certain date; Form 4549 pertaining to the taxpayer's year in issue; Individual Master File Tax Module; and Form 13496, IRC Section 6020(b) Certification, pertaining to the taxpayer's year in issue), affd. 523 F.3d 1272 (10th Cir. 2008).  Accordingly, petitioner is not liable for additions to tax under section 6651(a)(2) for 2002 and 2005.

D.  Section 6654(a)

Respondent determined that petitioner is liable for an addition to tax under section 6654(a) for failure to make estimated tax payments for 2005.  Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual".  A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year.  Sec. 6654(d).  A required annual payment generally is equal to the lesser of (1) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or (2) 100 percent of the tax shown on the return of the individual for the

preceding taxable year.  Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211; Heers v. Commissioner, T.C. Memo. 2007-10.  Respondent's burden of production under section 7491(c) requires him to produce evidence that petitioner had a required annual payment for 2005 under section 6654(d), and respondent failed to do so.

Respondent introduced evidence that petitioner was required to file a Federal income tax return for 2005, failed to file a return for that year, and failed to make any estimated tax payments for that year, other than the amounts withheld.  This evidence was sufficient to permit this Court to make the analysis required by section 6654(d)(1)(B)(i).  However, in order to permit this Court to make the analysis required by section 6654(d)(1)(B)(ii)[4] and to conclude that respondent had met his burden of producing evidence that petitioner had a required annual payment for 2005 payable in installments under section 6654, respondent also had to introduce evidence showing whether petitioner filed a return for the preceding taxable year and, if he did, the amount of the tax shown on that return.  See Wheeler v. Commissioner, supra at 212.  Respondent did not do so. Without that evidence, we cannot identify the number equal to 100

---

[4]  Sec. 6654(d)(1)(B)(ii) does not apply if the preceding taxable year was not a taxable year of 12 months or if the individual did not file a return for the preceding taxable year. Sec. 6654(d)(1)(B).

percent of the tax shown on petitioner's 2004 return, we cannot complete the comparison required by section 6654(d)(1)(B), and we cannot conclude that petitioner had a required annual payment for 2005 that was payable in installments under section 6654. Consequently, respondent's determination regarding the section 6654 addition to tax is not sustained.

III.  Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes this Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceeding or instituted the proceeding primarily for delay. Respondent has not asked the Court to impose a penalty under section 6673(a) against petitioner.  However, the Court may, sua sponte, impose this penalty.  Pierson v. Commissioner, 115 T.C. 576, 580 (2000); see Rewerts v. Commissioner, T.C. Memo. 2004-248.

This Court has previously imposed section 6673(a)(1) penalties on petitioner.  In Davenport v. Commissioner, T.C. Memo. 1989-434, we imposed a $5,000 penalty.  Five years later, in Davenport v. Commissioner, T.C. Memo. 1994-3, we imposed a $25,000 penalty.  Additionally, the U.S. Court of Appeals for the Sixth Circuit imposed a $1,200 sanction on petitioner under rule 38 of the Federal Rules of Appellate Procedure for bringing a

frivolous tax protest appeal.  See <u>Davenport v. Commissioner</u>, 869 F.2d 1489 (6th Cir. 1989).

Petitioner's petition and pretrial memorandum contain frivolous tax-protester arguments as to the deficiencies.  At trial the Court informed petitioner that his arguments were frivolous.  Despite the warning of the Court, petitioner presented further frivolous tax-protester arguments in his posttrial brief.  We conclude that petitioner's arguments were frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay.  Accordingly, under section 6673(a)(1), we hold petitioner is liable for a $25,000 penalty.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered under</u>

<u>Rule 155</u>.