EUGENE L. KINGMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kingman v. Commissioner
Docket No. 20316-90
United States Tax Court
T.C. Memo 1992-281; 1992 Tax Ct. Memo LEXIS 300; 63 T.C.M. (CCH) 3021; T.C.M. (RIA) 92281; May 14, 1992, Filed *300 An appropriate order and decision will be entered for respondent. Eugene L. Kingman, pro se. Louis H. Hill, for respondent. BEGHE
BEGHE
MEMORANDUM OPINION BEGHE, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the taxable years 1984 through 1987 as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1) [1]
6653(a)(2) [2]
6654
1984
$ 9,674
$ 2,418.50
$ 483.70
n3
$ 606
1985
4,439
1,109.75
221.95
n3
253
1986
2,557
639.25
127.85
n3
124
1987
1,579
394.75
78.95
n3
--
This matter is before us on respondent's motions for entry of decision and imposition of a penalty under section 6673(a), [1] and petitioner's *301 motion to dismiss for lack of jurisdiction. The facts regarding the deficiencies and additions to tax have been stipulated, and we incorporate them and their attached exhibits herein by this reference. At the time he filed his petition, petitioner resided in Cincinnati, Ohio. For the years 1984 through 1987, petitioner did not file U.S. Individual Income Tax Returns (Form 1040) with the Internal Revenue Service. During 1984 petitioner was employed by and received compensation for services in the form of wages from Western Union Telegraph Company (Western Union). Petitioner also received pension distributions from Western Union for all the years at issue and a distribution from an Individual Retirement Account (IRA) in 1985. In addition, petitioner received interest income from at least seven different banks and savings *302 and loan associations. [2]
Petitioner received the following amounts of income during the years at issue: 1984
1985
1986
1987
Wages
$ 17,536
$ - 0 -
$ - 0 -
$ - 0 -
Pension
10,885
11,875
11,875
11,875
Interest
7,539
8,578
5,420
4,239
IRA
- 0 -
2,439
- 0 -
-0 -
Total Income
$ 35,960
$ 22,892
$ 17,295
$ 16,114
Petitioner is a tax protester. He failed to file income tax returns and pay tax for the years 1984 through 1987, relying on the theories that his wages were not subject to Federal income tax, that the income tax is an excise tax, and that he is not a "taxpayer". Petitioner's arguments based on these theories have no merit. Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983). They have been raised by many a tax protester only to be summarily *303 rejected. We see no need for extended discussion of petitioner's theories, and we so reject them here. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); McCoy v. Commissioner, 76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Petitioner has the burden of proof with respect to the underlying deficiencies and each of the additions to tax. Rule 142; Neely v. Commissioner, 85 T.C. 934, 947 (1985) (sec. 6653(a) negligence or intentional disregard of rules and regulations); Baldwin v. Commissioner, 84 T.C. 859, 871 (1985) (sec. 6654 underpayment of estimated tax); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972) (same); Shomaker v. Commissioner, 38 T.C. 192, 202 (1962) (sec. 6651(a)(1) failure to file returns). Petitioner has not presented any evidence rebutting his liability for the underlying deficiencies and the additions to tax determined by respondent. We therefore sustain all of respondent's determinations. At the hearing, respondent filed a motion under section 6673(a) asking that we order petitioner to pay the United *304 States a penalty of $ 25,000, or other amount we should find appropriate. Section 6673(a)(1) currently provides: [3]
(1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
On the basis of the delaying tactics described below, we agree with respondent that petitioner instituted and maintained these proceedings primarily for delay and that he has *305 taken frivolous and groundless positions. On September 10, 1990, petitioner filed a petition with this Court setting forth his groundless tax protester arguments. Subsequently, petitioner made similar assertions in his reply to respondent's answer and denied that he had any income during the years at issue. Over the course of 10-1/2 months thereafter, petitioner filed nine dispositive motions with this Court, eight to dismiss for lack of jurisdiction and one for summary judgment. Petitioner also filed a motion, to compel respondent's stipulation that there is no statute making petitioner liable for Federal income tax. He also submitted a motion for entry into the record as an expert witness report an opinion letter by a self-styled "Communication and Language Expert" that there are disparities in the language of the 16th Amendment and section 61(a) of the Code that prevent respondent from making a valid determination that petitioner had taxable income. We returned the motion and letter to petitioner. All these motions set forth or were based on frivolous and groundless tax protester arguments. We denied the first nine of petitioner's filed motions and shall deny his currently *306 pending motion to dismiss for lack of jurisdiction. Respondent, in a letter to petitioner dated July 11, 1991, warned petitioner that this Court has imposed section 6673 penalties on tax protesters and that, if petitioner persisted in filing such motions, respondent would move the Court to impose a $ 25,000 penalty under section 6673. In our order of July 24, 1991, we reminded petitioner that we had denied his prior numerous motions to dismiss for lack of jurisdiction and his motion for summary judgment. We then drew his attention to our standing pretrial order dated May 7, 1991, requiring that all facts be stipulated to the maximum extent possible and setting other requirements to enable the case to be prepared and presented for speedy and efficient trial. We also cautioned him against continuing to file frivolous documents with the Court and quoted the relevant language of section 6673(a)(1) regarding the imposition of a maximum $ 25,000 penalty for such conduct. Our warnings were to no avail. On August 26 and September 3, 1991, respectively, petitioner sent the Court his motions to compel stipulation and to file his expert witness report. On May 7, 1991, this case was calendared *307 for trial at the Court's Cincinnati, Ohio, trial session beginning on October 7, 1991. On September 4, 1991, petitioner sent the Court his trial memorandum containing the type of tax protester rhetoric that we warned him about. At trial, on October 8, 1991, petitioner filed his currently pending motion to dismiss, was not ready to try the case or present any evidence, and signed the minimal stipulation now in the record only after the calendar call at the beginning of the trial session. The record in this case reflects a pattern of delay and the continual, repeated, taking of frivolous and groundless positions. Even after being warned by respondent and the Court that he could be penalized up to $ 25,000 if this conduct continued, petitioner persisted. After our warning of July 24, 1991, petitioner sent the Court more frivolous documents, as described above, and in his brief filed on December 13, 1991, repeated his tax protester arguments. Petitioner has deliberately ignored our orders and warnings and now must face the consequences. We therefore grant respondent's motion under section 6673(a) and require that petitioner pay a penalty to the United States in the amount of $ *308 10,000. Petitioner's last motion to dismiss dated October 8, 1991, is denied and decision will be entered for respondent, sustaining the determinations in the notice of deficiency and providing for a penalty under section 6673(a) as described above. To reflect the foregoing, An appropriate order and decision will be entered for respondent. Footnotes
1. Sec. 6653(a)(1)(A) for the taxable years 1986 and 1987. Petitioner had accounts with Brentwood Savings Association, Franklin Savings and Loan, Gateway Federal Savings and Loan, Provident Bank, Tri-State Savings and Loan, American Savings and Loan, and Chase Bank of Ohio.
[2] Sec. 6653(a)(1)(B) for the taxable years 1986 and 1987. Sec. 6673(a)(1) was amended by sec. 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 and applies to positions taken after December 31, 1989, in proceedings pending on or commenced after such date.
[3]↩ 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment due to negligence or intentional disregard of rules or regulations.
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩