Eugene L. KINGMAN, et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

United States of America, Plaintiff,

v.

Eugene Kingman, et al., Defendants.

Nos. C–1–96–1144, C–1–96–1183.

United States District Court,
S.D. Ohio,
Western Division.

March 29, 1999.

Eugene L. Kingman, Cincinnati, OH, pro se.

Ida June Kingman, Cincinnati, OH, pro se.

Jan Martin Holtzman, Department of Justice—1, Cincinnati, OH, Gregory S. Nickerson, U.S. Department of Justice, Washington, DC, for United States.

### Order Adopting Report and Recommendation

BECKWITH, District Judge.

On February 25, 1999, United States Magistrate Judge Jack Sherman, Jr., issued a Report and Recommendation pursuant to which he recommended that the United States' motion for partial summary judgment (Doc. 19, Case No. C–1–96–1144) be granted, in part, and denied, in part. He further recommended that the Kingmans' motion to dismiss (Doc. 10, Case No. C–1–96–1183) be denied and that their amended complaint (Doc. 10, Case No. C–1–96–1144) be dismissed with prejudice.

Neither party has objected to the recommendation with regard to the Kingmans' action against the United States, Case No. C–1–96–1144. Accordingly, the Court hereby **ADOPTS** that portion of the Report and Recommendation pursuant to which the Magistrate Judge recommended that the Kingmans' amended complaint be dismissed and the United States be granted summary judgment in that action. The action, Case No. C–1–96–1144, is **CLOSED.**

The Kingmans object to the Magistrate Judge's recommendation that their motion to dismiss the United States' action

against them, Case No. C–1–96–1183, be denied. The basis for their objection is their contention that the federal income tax is unconstitutional. The Magistrate Judge has given that contention more attention than it deserves. The Court finds no merit whatsoever to the Kingmans' objections, having considered the matter *de novo* (*see* Fed.R.Civ.P. 72(b)). Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's recommendation that the Kingmans' motion to dismiss Case No. C–1–96–1183 be denied.

Pursuant to the Report and Recommendation, which the Court hereby **ADOPTS,** the United States is entitled to judgment in the amount of $139,172.38 plus interest from the date of March 23, 1998. The United States is entitled to a lien upon all property and rights to property, whether real or personal, belonging to Eugene Kingman, the Defendant in Case No. C–1–96–1183, including any interests he holds in the Brookline Avenue properties to which the Magistrate Judge has made reference. The United States' request for judicial sale of those properties is **DENIED** subject to renewal.

**IT IS SO ORDERED.**

SHERMAN, United States Magistrate Judge.

## REPORT AND RECOMMENDATION THAT:

(1) **THE GOVERNMENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (96–1144, DOC. 19) BE GRANTED IN PART AND DENIED IN PART;**

(2) **THE KINGMANS' MOTION TO DISMISS (96–1183, DOC. 10) BE DENIED; AND**

(3) **THE KINGMANS' AMENDED COMPLAINT (96–1144, DOC. 10) BE DISMISSED WITH PREJUDICE**

## I. INTRODUCTION

These two consolidated cases concern the federal tax liability of Eugene L. Kingman for the 1984 taxable year and for the 1988 through 1993 taxable years. In the first case, filed pro se, Eugene L. Kingman and his spouse, Ida Kingman, claim that they are entitled to a tax refund due to their alleged overpayment of taxes. The Kingmans also seek a release of an Internal Revenue Service (IRS) levy upon Mr. Kingman's pension, back accounts, and real property. In the second case, the United States (hereafter, "the government") seeks to reduce to Judgment Mr. Kingman's federal income tax liabilities and seeks to foreclose its federal tax liens against Mr. Kingman's interest in three parcels of real property.

This matter is before the Court upon the Kingmans' Statement and Response, which the Court construes in the Kingmans' favor as a Motion to Dismiss (96–1183; docs. 10, 12), the government's Response (doc. 13), the government's Motion for Partial Summary Judgment (96–1144; doc. 19, with attached exhibit book), Mr. Kingman's affidavit and the Kingmans' Response (96–1144; docs. 12, 22), and the government's Supplemental Memorandum (96–1144; doc. 26).

## II. STANDARDS OF REVIEW

A. *Motions To Dismiss Under Rule 12(b)(6)*

In ruling on a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual allegations in the Complaint must be taken as true and must be construed in a light most favorable to the plaintiff. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Denial of the Motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio,* 886 F.2d 826, 831 (6th Cir.1989)(citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### B. *Motions To Dismiss Under Rule 12(b)(1)*

■ In considering whether to dismiss a Complaint under Fed.R.Civ.P. 12(b)(1) due to the lack of subject matter jurisdiction, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir.1996). This burden of proof is not onerous. *Id.* The plaintiff "must show only that the complaint alleges a claim under federal law, and that the claim is 'substantial.' A federal claim is substantial unless 'prior' decisions inescapably render [it] frivolous." *Id.* (quoting in part *Transcontinental Leasing, Inc. v. Michigan Nat. Bank of Detroit*, 738 F.2d 163, 165 (6th Cir.1984)). "In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Id.*

### C. *Motions For Summary Judgment*

A Motion for Summary Judgment may be granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ Summary judgment will not lie if the dispute about a material fact is "genuine"; that is, if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The Court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine if there is a genuine issue of material fact for trial. *Id.* at 249, 106 S.Ct. 2505. The relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether the evidence is so one-sided that one party must prevail as a matter of law. *Id.* at 251–52, 106 S.Ct. 2505. The Court is not duty bound to search the entire record in an effort to establish a lack of material facts. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404 (6th Cir.1992); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). Rather, the burden is on the non-moving party "to present affirmative evidence to defeat a properly supported motion for summary judgment...," *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989), and to designate specific facts in dispute. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505; *Guarino*, 980 F.2d at 401. Because the Kingmans appear pro se, their Pleadings, Motions, and Memoranda must be liberally construed in their favor. *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir.1992).

## III. BACKGROUND

The government alleges that Mr. Kingman failed to file valid federal income tax returns and failed to report his income for the 1984 taxable year and for the 1988 through 1993 taxable years. Because of these failures, the IRS determined and assessed Mr. Kingman's tax liability for the 1984 taxable year and for the 1988 through 1993 taxable years pursuant to the deficiency procedures set forth in 26 U.S.C. § 6212.[1] The approximate total amount of amount of outstanding assessment was $ 145,110.00. (96–1144; doc. 19 at 3–4).

Mr. Kingman petitioned the United States Tax Court regarding his tax returns for the taxable years 1984 through 1987.

---

**1.** The specific assessment amounts are set forth in the governments Motion for Partial Summary Judgment. (96–1183; doc. 19 at 3–4).

*Kingman v. Comm. of Internal Revenue,*
T.C. Memo.1992–281, 63 T.C.M. (CCH)
3021, 1992 WL 101160 (U.S.Tax Ct., May
14, 1992). The Tax Court rejected Mr.
Kingman's contentions that his wages were
not subject to federal income tax, that the
income tax is an excise tax, and that he
was not a taxpayer. *Id.,* 1992 WL 101160
at 2. The Tax Court found Mr. Kingman
liable for 1984 through 1987 income tax
and penalties, and further levied a $10,-
000.00 penalty because "[t]he record in this
case reflect[ed] a pattern of delay and the
continual, repeated, taking of frivolous and
groundless positions." *Id.* at 3.

In January 1993 the IRS served admin-
istrative levies upon Mr. Kingman's bank
accounts directing the levied banks to turn
over all Mr. Kingman's property and
rights to property that they possessed. In
January and February 1993, the banks
issued checks to the IRS in response to its
levies in the approximate total amount of
$38,307.00. (96–1144; doc. 19 at 5, and
Exhs. 8–11).

On December 26, 1996, the government
filed its Complaint (C–1–96–1183) seeking
to reduce to Judgment Mr. Kingman's fed-
eral income tax liabilities for the 1984 tax-
able year and the 1988 through 1993 tax-
able years. The total amount of Mr.
Kingman's federal income tax liability
sought by the government equals $139,-
172.38 plus interest accrued after March
23, 1998. (96–1144; doc. 26 at 2 and Exh.
A, Butts' Declaration ¶ 4).

The government alleges that Mr. King-
man owns a one-half interest in three par-
cels of property located at 3461, 3465–3467,
and 3471 Brookline Avenue, Cincinnati,
Ohio. The government seeks an Order
foreclosing its tax liens upon this property
and requiring a judicial sale of this proper-
ty.

**2.** Mr. Butts is a Special Procedures Staff Ad-
visor for the IRS. He works for the IRS Col-
lection Division. The government presented
Mr. Butts' Declaration to confirm its position

## IV. OPINION

**A.** *The Government's Motion For Partial Summary Judgment Is Well Taken*

**1.**

*The Government's Tax Assessment Should Be Reduced To Judgment*

■ The government correctly asserts
that its Certificates of Assessments and
Payments provide presumptive proof of
the validity and timing of the tax assess-
ments against Mr. Kingman. *See United
States v. Janis,* 428 U.S. 433, 440–41, 96
S.Ct. 3021, 49 L.Ed.2d 1046 (1976) (pre-
sumption of correctness applies to IRS
assessment in refund suit). "The Commis-
sioner's determination of a tax deficiency is
generally presumptively correct and the
taxpayer has the burden of proving that
the determination is erroneous or arbi-
trary." *Kearns v. Comm. of Internal Rev-
enue,* 979 F.2d 1176, 1178 (6th Cir.1992).
The government's Certificates and the
Declaration of the IRS's Robert A. Butts [2]
presumptively establish that Mr. Kingman
has an unpaid federal tax liability totaling
$139,172.38 plus interest from March 23,
1998. (Doc. 26 at 3 and Butts' affid. at 2).

The Kingmans have presented no evi-
dence creating a genuine issue of fact re-
garding the accuracy of the government's
Certificates of Assessments and Payments
or that the government's assessment of tax
liability upon Mr. Kingman was arbitrary.
Instead, the Kingmans merely present the
unsupported assertion that the govern-
ment's Complaint is not supported by evi-
dence of Mr. Kingman's tax liability for
the taxable years in question. This unsup-
ported assertion improperly ignores the
existence of—and presumption of correct-
ness attached to—the government's Certif-
icates of Assessments and Payments.
*Kearns,* 979 F.2d at 1178. The Kingmans'

regarding the existence and amount of Mr.
Kingman's federal tax liability. (Doc. 26,
Butts' Declaration attached).

unsupported assertion also fails to satisfy their burden at the summary-judgment stage to produce affirmative evidence creating a genuine issue of material fact. *See Street*, 886 F.2d at 1479.

Accordingly, the government is entitled to summary judgment upon its claim that Mr. Kingman has an unpaid federal tax liability totaling $139,172.38 plus interest from March 23, 1998.

### 2.

### *The Government's Tax Liens Should Be Established*

Section 6321 of the Internal Revenue Code provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty...) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. "The statutory language 'all property and rights to property,' appearing in § 6321 ... is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. Nat. Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985).

A federal tax lien generally arises "at the time the assessment is made and shall continue until the liability for the amount so assessed...is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322.

Federal tax liens are not self-executing. *Nat. Bank of Commerce*, 472 U.S. at 720, 105 S.Ct. 2919. "Affirmative action by the IRS is required to enforce collection of the unpaid taxes." *Id.* One statutory method allows the IRS to institute a lien foreclosure suit, as it has done in the instant case:

Section 7403(a) authorizes the institution of a civil action in federal district court to enforce a lien 'to subject any property, of whatever nature, of the delinquent, or in which he has any right, title or interest, to the payment of such tax.' Section 7403(b) provides: 'All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.' The suit is a plenary action in which the court 'shall... adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property.'

*Id.* In the complete absence of probative evidence to the contrary, the government's Certificates of Assessment and Payment conclusively establish that Mr. Kingman was properly sent notice and demand for payment on the date of each assessment. (96–1144); (doc. 19, Exhs.1–7).

Accordingly, the government is entitled to a lien "upon all property and rights to property, whether real or personal, belonging to..." Mr. Kingman including any interest he holds in the Brookline Avenue properties. 26 U.S.C. § 6321; *see National Bank of Commerce*, 472 U.S. at 719–20, 105 S.Ct. 2919.

### 3.

### *The Government Has Not Established, At This Point In The Litigation, That It Is Entitled To A Judicial Sale*

The government contends that it is entitled to liens upon Mr. Kingman's purported one-half interest in the real property located at 3461, 3465–67, and 3471 Brookline Avenue in Cincinnati, Ohio. The government seeks an Order foreclosing these liens and requiring the judicial sales of those properties.

Construing the Kingmans' Amended Complaint liberally in their favor, Ms. Kingman seeks an Order protecting her claimed legal interest in the Brookline Avenue properties.

"Federal tax law 'creates no property rights but merely attaches consequences, federally defined, to rights created under state law.' Thus, in order to

determine whether property is subject to a federal tax lien, 'state law controls in determining the nature of the legal interest which the taxpayer had in the property....' '[O]nce it has been determined that state law creates sufficient interest in the [taxpayer] to satisfy the requirements of [the statute], state law is inoperative, and the tax consequences thenceforth are dictated by federal law.'" *Craft v. United States,* 140 F.3d 638, 641 (6th Cir.1998) (citations omitted)(original brackets).

Although the government has submitted copies of three Warranty Deeds to the Brookline Avenue properties, the government has not presented evidence or authority supporting its claim that these documents conclusively prove the existence of Mr. Kingman's present one-half interest in these properties. The need for such evidence is particularly appropriate because two of these properties were apparently conveyed to the Kingmans more than four decades ago (in 1955 and 1953) and the other property was conveyed in 1973. The government has not presented any case law or analysis to support the assertion that under Ohio law, Mr. Kingman holds a one-half interest in the Brookline Avenue properties. *Cf. Craft,* 140 F.3d at 641–42 (analyzing Michigan property law to determine what property rights husband held in a tenancy by entirety). Lastly, the government has not submitted case law or analysis supporting the proposition that a judicial sale is available under federal tax law when real property is partly owned by a delinquent taxpayer's spouse.

Accordingly, the government has not established at this point in the litigation that it is entitled to an Order foreclosing its tax liens and requiring a judicial sale of the Kingmans' Brookline Avenue property.[3]

### B. *The Government Is Entitled To Summary Judgment On Plaintiff's Amended Complaint*

The Kingmans' Amended Complaint in case number C–1–96–1144 fails for many reasons.

First, the Declaratory Judgment Act, 28 U.S.C. § 2201, prohibits the Kingmans from obtaining the relief they request—an Order declaring the government's tax liens void. Although § 2201 provides federal courts with the power to issue Declaratory Judgments, § 2201 explicitly exempts cases "with respect to federal taxes." *Flora v. United States,* 362 U.S. 145, 164, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). The Kingmans' Amended Complaint and Memoranda fail to assert facts which, if true, would surmount this bar.

Second, Mr. Kingman's claim for a refund fails due to the government's sovereign immunity from suit. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Because a waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied, *see United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), and because the Kingmans have failed to indicate how the government has waived its sovereign immunity in these cases, Mr. Kingman's claim for refund fails.

Third, no amount of refund is available to Mr. Kingman. The federal tax code limits the amount of refund—when no return has been filed—to "the portion of tax paid during the 2 years immediately preceding the filing of the claim." 26 U.S.C. § 6511(b)(2)(B). It is undisputed that Mr. Kingman did not file a claim for refund until March 11, 1996 (at the earliest) more than three years after the IRS had received payments (in January and February 1993) from the banks pursuant to the IRS levies. *See* doc. 19 at 14 and Exhs. 8–11. Consequently, § 6511(b)(2)(B) bars Mr. Kingman's claim for refund.

Fourth, to the extent Ms. Kingman brings a wrongful levy claim under 26

---

**3.** The Court does not intend this conclusion to foreclose the government to so argue.

U.S.C. § 7426, she was required to challenge the levy within nine months from the date of the levy. *See* 26 U.S.C. § 6532(c)(1). Because the IRS served the bank levies at issue in January 1993, and because the Kingmans did not file this action until December 1996, any wrongful-levy claim by Ms. Kingman is untimely as to the bank levies of January 1993.

Fifth, to the extent the Kingmans seek to enjoin the government from collecting Mr. Kingman's tax liabilities, their action is barred by 26 U.S.C. § 7421(a), which states:

> no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...

■ Two narrow exceptions exist to § 7421(a): it is not applicable if the taxpayer is certain to succeed on the merits and if the taxpayer demonstrates that the assessment will cause irreparable harm. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6–7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Because the Kingmans have failed to create a genuine issue of fact regarding the existence of Mr. Kingman's tax liabilities in the years at issue, and because the Kingmans have failed to produce any evidence indicating that the collection would cause irreparable harm, any claim for injunctive relief in their Amended Complaint is barred by § 7421(a). *See id.* at 6–7, 82 S.Ct. 1125.

■ Sixth, the tax court's final decision establishing Mr. Kingman's tax liability for the 1984 taxable year is res judicata and cannot be attacked in this subsequent proceeding. *Boschma v. Cardoza*, 460 F.2d 304, 305 (6th Cir.1972).

### C. *The Kingmans' Motion To Dismiss Lacks Merit*

The Kingmans contend that the Government's Complaint in C–1–96–1183 should be dismissed for many reasons:

1. because this Court lacks jurisdiction over the government's Complaint,

2. because of the "invalidity of the so-called Complaint...,"

3. because the Complaint "does not state *facts* charging an offense of the law...,"

4. because "the Complaint... does not adduce any evidence of the... [the Kingmans'] liability...,"

5. because "[i]f the government has no competent evidence which would support legal conclusions, then it has no right to proceed against defendants...,"

6. because "[i]ndirect taxes are never upon any kind of property or money, but only upon activities, and which the resulting income from the activity is the measure of the tax...," and "[t]he income tax is, therefore, not a tax on income as such. It is an excise tax with respect to certain activities and privileges... The income is not the subject of the tax: it is the basis for determining the amount of tax.... The complaint fails to allege any taxable activity, and should be dismissed..."

(96–1183; doc. 10 at 1–2).

Mr. Kingman states in his affidavit that he has "not been engaged in any activities which are taxable for Federal income revenue purposes...," and he denies "being a taxpayer as defined in the Internal Revenue Code..." *Id.* (aff.attached).

To the extent the Kingmans challenge the sufficiency of the government's factual allegations and legal claims, their Motion to Dismiss lacks merit. The government's Complaint satisfies the notice pleading requirements of Fed.R.Civ.P. 8(a) by setting forth factual allegations sufficient to state claims for relief under 26 U.S.C. § 7403. The Complaint accomplishes this by alleging that Mr. Kingman has certain unpaid federal tax liabilities and that Mr. Kingman owns an interest in certain real properties specifically identified in the Complaint. The Complaint also seeks to reduce to Judgment Mr. Kingman's federal tax liabilities and asserts that Mr. Kingman's property should

be subject to federal tax liens. These allegations and claim for relief are proper under 26 U.S.C. § 7403.

■■■ This Court has subject matter jurisdiction over the government's Complaint to reduce to Judgment Mr. Kingman's federal income tax liabilities. *See* 28 U.S.C. §§ 1340, 1345; 26 U.S.C. § 7402; *e.g., U.S. v. Berman,* 825 F.2d 1053 (6th Cir.1987). Because the government's claims are supported by an arguable basis in law, its claims are not frivolous and are "substantial" within the meaning of *Musson Theatrical, Inc.,* 89 F.3d at 1248, and therefore its claims cannot be dismissed for lack of subject matter jurisdiction.

Regarding Mr. Kingman's assertion that he is not a taxpayer or that he has not engaged in activities subject to federal income tax, these contentions lack merit. Mr. Kingman is a taxpayer whose wages are subject to federal income tax. *See Martin v. C.I.R.,* 756 F.2d 38, 40 (6th Cir.1985); *Perkins v. C.I.R.,* 746 F.2d 1187, 1188 (6th Cir.1984).

Lastly, the Kingmans' theory—that the government's Complaint fails to allege any taxable activity "because income tax... is not a tax on income as such. It is an excise tax with respect to certain activities and privileges... The income is not the subject of the tax: it is the basis for determining the amount of tax...."—has been repeatedly rejected by the courts. *See United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994)("For seventy-five years the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation...") (citations omitted); *see also Martin,* 756 F.2d at 40 (citing *Brushaber v. Union Pacific R.R. Co.,* 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916)).

Accordingly, the Kingmans' Motion to Dismiss should be denied.

**IT IS THEREFORE RECOMMENDED THAT**

1. The government's Motion for Partial Summary Judgment (C–1–96–1144; doc. 19) be granted in part and denied in part as follows:

(a) the government be granted summary judgment on its claim to reduce to Judgment Mr. Kingman's tax liabilities for the 1984 taxable year and for the 1988 through 1993 taxable years, totaling $139,172.38 plus interest from March 23, 1998;

(b) the government be granted summary judgment on the claims raised in the Kingmans' Amended Complaint, and the Kingmans' Amended Complaint (C–1–96–1144; doc. 10) should be dismissed with prejudice; and

(c) the government be denied summary judgment, at this point in the litigation, on its attempt to foreclose its federal tax liens against Mr. Kingman's interest in three parcels of real property.

2. The Kingmans' Motion to Dismiss (C–1–96–1183; doc. 10) be denied.